281 So.2d 397 (1973)
STATE of Florida, Appellant,
v.
Elmus R. SELLERS, Appellee.
No. 73-25.
District Court of Appeal of Florida, Second District.
August 17, 1973.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellant.
Edward D. Foreman, St. Petersburg, for appellee.
MANN, Chief Judge.
The trial court dismissed for factual insufficiency, under Cr.P.R. 3.190 (c)(4), 3 F.S.A., this charge of carrying a concealed weapon. We consider the question whether a pistol, the butt of which is exposed for about a quarter of an inch, could have been  (the jury will decide whether it was)  a concealed weapon within the meaning of Fla. Stat. § 790.01(2), F.S.A. We hold that the charge was improperly dismissed.
The statute has been changed since our Supreme Court decided Sutton v. State, 1868, 12 Fla. 135, but we think the logic of that case still holds good:
"The statute was not intended to infringe upon the rights of any citizen to bear arms for the `common defense.' It merely directs how they shall be carried, and prevents individuals from carrying concealed weapons of a dangerous and deadly character, on or about the person, for the purpose of committing some malicious crime, or of taking some undue advantage over an unsuspecting adversary. *398 When no such evil intentions possess the mind, men in vexed assemblies or public meetings, conscious of their advantage in possessing a secret and deadly weapon, often become insulting and overbearing in their intercourse, provoking a retort or an assault, which may be considered as an excuse for using the weapon, and a deadly encounter results, which might be avoided where the parties stand on a perfect equality, and where no undue advantage is taken."
At that time the statute contained a proviso "that this law shall not be so construed as to prevent any person from carrying arms openly outside of all their (sic) clothes." Th.Dig. 498, § 5. Although the proviso has been repealed, we would think a completely revealed weapon would not be a concealed weapon, and dismissal on motion would be proper. But it does not follow that a weapon, in order to be concealed, must be completely concealed. The deputy who made this arrest was responding to a call from one who claimed that a drunk person was waving a gun around. The deputy observed a bulge in Sellers' pocket. He thought it was a gun. Closer, he observed the butt plate and a small part of the weapon exposed. We think this enough to go to the jury.
An annotation at 43 A.L.R.2d 492 collects the authorities, which reveal some division of opinion. We think that the proper rule is that where the weapon is carried in such a manner that an ordinary citizen viewing the accused would not see the weapon clearly exposed as such the question of concealment should be left to the jury.
Treating the notice of appeal as a petition for certiorari,[1] we grant certiorari and quash the order dismissing the information.
LILES and BOARDMAN, JJ., concur.
NOTES
[1] See State v. Redden, Fla.App.2d 1972, 269 So.2d 415, and cases therein cited.