301 So.2d 469 (1974)
STATE of Florida, Appellant,
v.
Samuel Mason DAY, III, Appellee.
No. V-330.
District Court of Appeal of Florida, First District.
October 15, 1974.
Robert L. Shevin, Atty. Gen., and Donald K. Rudser, Asst. Atty. Gen., for appellant.
Lacy Mahon, Jr., and Joseph S. Farley, Jr., Mahon, Farley & Vickers, Jacksonville, for appellee.
McCORD, Judge.
This is an interlocutory appeal from an order granting a motion to suppress certain evidence found upon search of an automobile and the person of appellee.
A deputy sheriff, while on patrol at about 4:30 a.m. on October 27, 1973, observed an automobile occupied by appellee and another person in a service station parking lot. The parking lot was well lighted and as the deputy approached, the occupants got out of the automobile, one going to a nearby telephone booth, and the other standing beside the automobile. When the officer stopped, both persons approached the officer's vehicle on the passenger side and started talking to the officer's partner. At this time, the officer got out of the vehicle, looked through the windshield of appellee's automobile, and observed the butt end of a pistol protruding from under the driver's front seat. The officer then opened the automobile door, removed the pistol and placed appellee under arrest for carrying a concealed firearm and prowling. The officer then searched appellee and the automobile and found contraband in his coat pocket and coat lining. The officer testified that there was nothing suspicious about the two men, that the area was well lighted and the telephone booth was well lighted.
The only basis for this search was as an incident to an alleged lawful arrest of appellee for carrying a concealed firearm. The state contends on the one hand that the "concealed" firearm was in plain view and was thus subject to seizure under the plain view doctrine. On the other hand the state contends the firearm was concealed and that, therefore, appellee was legally arrested for carrying a concealed firearm; that the subsequent search which revealed contraband was, therefore, a valid search as incident to a lawful arrest. It is obvious, however, that the pistol could not be both concealed and in plain view.
The arresting officer testified that the pistol was not concealed; that it was on the floor of the automobile clearly visible to anyone glancing through the windshield; that the area was well lighted and he could *470 easily see the pistol in the automobile without using his flashlight.
Appellee cites, as persuasive authority in support of his contention that the arrest was not lawful, the Attorney General's Opinion No. 072-161 which states:
"A man who carries a pistol in an automobile, on the floor and partially exposed, does not violate § 790.05, even if he has no license from the county commissioners. He violates § 790.01(2) if, and only if, the pistol is in close proximity to him or within his easy reach, and is concealed from the ordinary sight of another person ..."
We agree with the Attorney General's opinion on this point and from the testimony presented in this case, it is clear that appellee's pistol was not concealed from the ordinary sight of another person. The search, therefore, was not one incident to a lawful arrest.
Affirmed.
RAWLS, C.J., and SPECTOR, J., concur.