303 So.2d 405 (1974)
Charles Norman CHRISTIAN, Appellant,
v.
The STATE of Florida, Appellee.
No. 74-613.
District Court of Appeal of Florida, Third District.
November 12, 1974.
Rehearing Denied December 10, 1974.
Barry L. Garber, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and J. Robert Olian, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
HENDRY, Judge.
The appellant was adjudicated guilty of the offenses of carrying a concealed firearm and illegal possession of marijuana. He was sentenced to serve a total of three years imprisonment.
On appeal, appellant raises two points. First, he contends that the state's evidence was insufficient to establish that the firearm (a .38 caliber Colt automatic pistol) was concealed as contemplated by Fla. Stat. § 790.01, F.S.A.
*406 Second, appellant asserts that there was no legal basis for a search of the vehicle in which the appellant was riding as a passenger, and therefore the marijuana and the gun seized therein should have been suppressed.
In response to appellant's contentions, the state has taken a contradictory position. The state argues that the firearm was concealed within the meaning of Fla. Stat. § 790.001 (2), F.S.A. in that it was hidden "from the ordinary sight of another person."
Yet, under point two the state urges that the search was justified because a portion of the firearm was within the plain view of the officer, therefore affording probable cause to search the vehicle.
Obviously, either the firearm was within the ordinary sight of another or it was not. A police officer testified that when he shined his light in the passenger's side of the vehicle towards the floor (after stopping the car for speeding) he saw what appeared to be the butt of a gun protruding from the seat in which the appellant was sitting.
The officer placed the appellant under arrest for carrying a concealed firearm, then searched the car, finding the marijuana.
In our view, the state did not prove all of the elements of the crime of carrying a concealed firearm, and we think it follows that the search of the car also was not permissible. State v. Day, Fla.App. 1974, 301 So.2d 469, opinion filed October 15, 1974; Lawson v. State, Fla.App. 1971, 251 So.2d 683; Attorney General's Opinion 072-161, May 2, 1972.
Therefore, for the reasons stated and upon the authority cited, the judgment and sentence appealed are reversed with directions to discharge the appellant from custody.
Reversed with directions.