321 So.2d 439 (1975)
Bobby Ray PORCHAY et al., Appellants,
v.
STATE of Florida, Appellee.
Nos. V-443, X-252.
District Court of Appeal of Florida, First District.
November 7, 1975.
Richard W. Ervin, III, Public Defender, and David J. Busch, Asst. Public Defender, for appellants.
Robert L. Shevin, Atty. Gen., and Andrew W. Lindsey, Asst. Atty. Gen., for appellee.
RAWLS, Acting Chief Judge.
As a result of police officers stopping an automobile in which the three appellants were riding, a search was conducted, resulting in appellants Porchay and Wiltz each being charged with carrying a concealed firearm and Stewart being charged with possession of a controlled substance, i.e., cannabis. After the trial court denied appellants' motion to suppress "all material obtained by unlawful search and seizure", appellants were duly adjudicated guilty upon their respective pleas of nolo contendere.
*440 A reading of the record of this case readily reveals that the vehicle occupied by appellants was stopped by the police officers only because the occupants appeared "suspicious". At the time the vehicle was stopped there existed no probable cause to believe that a crime had been committed nor that the appellants were in the process of committing one. The record fully supports the testimony of Officer Barnes that the reason the vehicle was stopped was to check and see who the subjects were  an identification check. A bare suspicion, without cause, will not constitute reasonable grounds for detention.[1]
After the officers stopped the vehicle one of them shined a flashlight into the car and saw a "small .22 pistol laying on the front floorboard of the car on the driver's side." In answer to the question, "What portion of this pistol were you able to see from where you were standing?", he said, "all of it." The officers then searched the three appellants. Wiltz, the driver, had no contraband on his person; Porchay had a .32 caliber pistol in a shoulder holster; and Stewart had a bag of marijuana in his sock.
The state urges that since the Texas license plate on the vehicle was bent and not fully readable, this alone provided a justification for stopping the car. The immediate answer is that it is clear from the record that such was not the reason. At best, the defective license plate was a pretense for stopping the vehicle and searching for evidence.
However, even should we assume that the officers were justified in stopping the automobile, the ensuing search was illegal. Officer Davis gave as a basis for searching the occupants of the vehicle that upon shining his flashlight into the vehicle, he saw in plain view all of a .22 pistol on the floorboard of the Chevrolet. The state in its brief "takes the position that the motion [to suppress] was properly denied below since ... (b) the search of the three defendants was entirely justified following the `plain view' observation of the illegal firearm... ." However, the state has not advised as to how the firearm that was in "plain view" is metamorphosized into a "concealed firearm", and thus illegal. The Attorney General in his Opinion # 072-161 advises that a person carrying a pistol in an automobile, "on the floor and partially exposed", (emphasis supplied) violates § 790.01(2) "... if, and only if, the pistol is in close proximity to him or within his easy reach, and it is concealed from the ordinary sight of another person...."[2] (Emphasis supplied.)
This Court's decision in State v. Day[3] is on all fours. There, at 4:30 a.m. an officer looked through the windshield of the defendant's parked automobile and observed the butt end of a pistol protruding from under the driver's seat. He removed the pistol, placed the defendant under arrest for carrying a concealed firearm, searched the defendant and found contraband on his person. In sustaining the trial court's order granting the motion to suppress, Judge McCord, speaking for this Court, stated:
"The only basis for this search was as an incident to an alleged lawful arrest of appellee for carrying a concealed firearm. The state contends on the one hand that the `concealed' firearm was in plain view and was, thus subject to seizure under the plain view doctrine. On the other hand the state contends the firearm was concealed and that, therefore, appellee was legally arrested for carrying a concealed firearm; that the subsequent search which revealed contraband *441 was, therefore, a valid search as incident to a lawful arrest. It is obvious, however, that the pistol could not be both concealed and in plain view."
We agree with appellants that under the facts of this case, as revealed by the record, the learned trial judge erred in not granting appellants' motion to suppress. There was no legal basis for the officers having initially stopped the vehicle, except the defective out of state license plate which clearly was not the reason, but merely a pretense. The following search was not incident to a lawful arrest since the "plain view" of the gun provided the alleged reason for the arrest. No independent probable cause existed for the search.
Reversed.
SMITH, SAMUEL S., and SACK, MARTIN, Associate Judges, concur.
NOTES
[1] Richardson v. State, 291 So.2d 253 (Fla. App.1st 1974).
[2] We cannot distinguish between "plain view" and "ordinary sight".
[3] State v. Day, 301 So.2d 469 (Fla.App.1st 1974).