327 So.2d 234 (1976)
Carlton Shipman SUTTON, Appellant,
v.
STATE of Florida, Appellee.
No. V-103.
District Court of Appeal of Florida, First District.
January 14, 1976.
Joseph S. Farley, Jr., Mahon, Farley & Vickers, Jacksonville, for appellant.
Robert L. Shevin, Atty. Gen., and Gerry B. Rose, Asst. Atty. Gen., for appellee.
BOYER, Chief Judge.
In April of 1973 appellant was lawfully arrested on charges not here relevant. After he was taken into custody his automobile was searched, revealing a .22 caliber pistol under the seat on the passenger side. Appellant was charged, inter alia, with carrying a concealed firearm contrary to the provisions of F.S. 790.01(2). He was convicted of that charge and sentenced to three and one-half years in the State Penitentiary. He now appeals, claiming *235 that the learned trial judge erred in failing to grant his motion for directed verdict of acquittal.
We have heretofore cited with approval[1] Attorney General's Opinion No. 072-161, which states:
"A man who carries a pistol in an automobile, on the floor and partially exposed, does not violate § 790.05, even if he has no license from the county commissioners. He violates § 790.01(2) if, and only if, the pistol is in close proximity to him or within his easy reach, and is concealed from the ordinary sight of another person * * *"
The statute under which appellant was charged provides as follows:
"Whoever shall carry a concealed firearm on or about his person shall be guilty of a felony in the third degree, punishable as provided in section 775.082, section 775.083 or section 775.084."
The statute does not proscribe mere possession of a firearm nor the carrying thereof. The statute is not violated unless the firearm is concealed.[2] Proof of concealment is therefore an essential element of the crime which must be proved beyond and to the exclusion of a reasonable doubt. A careful examination of the entire record in this case reveals, as to concealment, hints, suspicions and guesses but the record is devoid of any proof that the pistol sub judice was in fact concealed.
In addition to proof of the carrying of a concealed firearm the statute further requires, as a condition of its violation, proof that the firearm is "on or about" the person of the accused. A firearm is not on or about the person unless it is in a close proximity to him within his easy reach.[3] A fortiori a firearm in a closed automobile glove compartment or under a seat on the opposite side of the vehicle from whence the accused is sitting or in the trunk of the vehicle, though concealed, is not in close proximity within easy reach.
The State seeks here to impose a special condition depending upon the size of the automobile, urging that since the vehicle here involved was a sports car with "bucket seats" the firearm was in close proximity and within easy reach. We do not agree. In any event, in this case, the evidence failed to prove that the size of the car was relevant, or that the firearm was any more accessible than it would have been had the vehicle been a Cadillac or a Rolls Royce.
In 1941 the Supreme Court of Florida[4] construed the predecessor to Florida Statute 790.01 (Section 7202 CGL Fla. 1927) under which prior statute it was held to be unlawful for one to "carry around with him, or have in his manual possession * * * any pistol, * * * without having a license * * *." The current statute, F.S. 790.01(2) is, as above mentioned, different from its predecessor in that under the current statute actual manual possession of a firearm is not required, it being sufficient that the concealed firearm be "on or about" the person of the accused. While recognizing the materiality of the change in the wording of the statute we nevertheless observe that the following statement by the Supreme Court of Florida in the last cited case is particularly applicable today:
"* * * When a pistol is in the pocket of an automobile, both owned by the *236 driver, it cannot be said that it is in the personal manual possession of the owner, * * *" (Emphasis the Court's)
* * * * * *
"The business [man], tourists, commercial travelers, professional man on night calls, unprotected women and children in cars on the highways day and night, State and County officials, and all law-abiding citizens fully appreciate the sense of security afforded by the knowledge of the existence of a pistol in the pocket of an automobile in which they are traveling. It cannot be said that it is placed in the car or automobile for unlawful purposes, but on the other hand it was placed therein exclusively for defensive or protective purposes. These people, in the opinion of the writer, should not be branded as criminals in their effort of self preservation and protection, but should be recognized and accorded the full rights of free and independent American citizens. * * *" (4 So.2d pages 702-703)
We have not overlooked Lawson v. State,[5] First, sufficient facts are not recited in that opinion to inform us whether or not the firearm was in fact concealed. Second, the facts which are recited lead to the conclusion that the firearm was in close proximity to, and within the easy reach of, the accused. Such are not the facts in the case sub judice.
It follows that the learned trial judge erred when he denied appellant's motion for directed verdict on the charge of carrying a concealed weapon.
Reversed.
RAWLS, J., concurs.
McCORD, J., dissents.
McCORD, Judge (dissenting).
In my view, the evidence was sufficient to support the jury's verdict that the pistol was concealed (under the passenger's seat of a two bucket seat small sports car) and that it was about the person of appellant, the driver of the automobile. The 1941 Supreme Court opinion (Watson v. State, Fla., 4 So.2d 700) cited in the majority opinion construed a previous statute (§ 7202 C.G.L. Fla. 1927) under which it was unlawful for one to "carry around with him, or have in his manual possession, ... any pistol, ... without having a license ..." The statute here involved (§ 790.01, Florida Statutes) makes it a crime for one to "carry a concealed weapon on or about his person" (emphasis supplied).
NOTES
[1] State v. Day, Fla.App.1st 1974, 301 So.2d 469. See also Porchay v. State, Fla.App.1st 1975, 321 So.2d 439, opinion filed November 7, 1975, Cases No. V-443 and X-252.
[2] State v. Day, supra, and State v. Sellers, Fla.App.2nd 1973, 281 So.2d 397.
[3] Attorney General's Opinion No. 072-161, and State v. Day, supra.
[4] Watson v. Stone, 1941, 148 Fla. 516, 4 So.2d 700.
[5] Fla.App.3rd 1971, 251 So.2d 683.