PER CURIAM.
Calzena Whitehead was charged by information with manslaughter. She filed a sworn motion to dismiss under Fla.R. Crim.P. 3.190(c)(4), alleging that there were no material disputed facts and that the undisputed facts did not establish a prima facie case of guilt against her. The State, under Fla.R.Crim.P. 3.190(d), filed a sworn traverse and demurrer in which it specifically denied material allegations contained in the motion to dismiss. The trial court heard argument on defendant’s motion to dismiss and the State’s traverse and demurrer and granted the motion to dismiss, whereupon the State took this appeal challenging the trial court’s order of dismissal.
Generally, upon the filing of a traverse or demurrer to a motion to dismiss, Fla.R.Crim.P. 3.190(d) is controlling:
“(d) Traverse or Demurrer. The State may traverse or demur to a motion to dismiss which alleges factual matters. . A motion to dismiss under paragraph (c)(4) of this rule shall be denied if the State files a traverse which denies under oath a material fact alleged in the motion to dismiss.” (emphasis added)
We hold that the trial court committed reversible error in granting the defendant’s sworn motion to dismiss in the face of the State’s traverse which specifically denied material facts alleged by defendant. Accordingly, the cause is
Reversed and remanded with directions to reinstate the information.