369 So.2d 108 (1979)
Charles POWELL, Appellant,
v.
STATE of Florida, Appellee.
No. KK-388.
District Court of Appeal of Florida, First District.
April 4, 1979.
Michael J. Minerva, Public Defender, and Margaret Good, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and A.S. Johnston, Asst. Atty. Gen., for appellee.
PER CURIAM.
Charles Powell entered a plea of nolo contendere, expressly reserving the right to appeal the trial court's denial of his motion to dismiss. He urges that the undisputed facts do not constitute a prima facie case of carrying a concealed firearm. We agree and reverse.
The motion to dismiss reveals that as Powell and a companion were walking down the street, a police officer riding by in a patrol car saw the handle of a firearm protruding from Powell's rear pants pocket. After telling the driver to back the car up, the officer saw Powell throw the firearm into shrubbery. He retrieved the firearm and arrested Powell for carrying a concealed firearm. Although the brief asserts otherwise, the record established that the state did not traverse the facts, but demurred, asserting, "That a partially concealed firearm is a concealed firearm within *109 the intendment of Section 790.01(2) of the Florida Statutes." The factual matters are consequently deemed admitted. Rule 3.190(d), Fla.R.Crim.P.
Section 790.001(2), Florida Statutes (1977), defines "concealed firearm" as "any firearm ... when the same is carried on or about a person in such a manner as to conceal said firearm from the ordinary sight of another person." As noted by this court in Sutton v. State, 327 So.2d 234 (Fla. 1st DCA 1976), the mere possession or carrying of a firearm is not prohibited by statute. It is the concealment of the weapon that is prohibited.
In State v. Sellers, 281 So.2d 397 (Fla. 2d DCA 1973), the police officer observed a "bulge" in the defendant's pocket which he thought was a gun. Upon closer observation he saw a pistol, the butt of which was exposed for about a quarter of an inch. The trial court dismissed the charge, but the appellate court quashed the order on the grounds that those facts were sufficient for the case to go to the jury. In so ruling, however, the court did not hold that the question of whether a weapon is concealed is always a jury question, but rather that the court is to determine whether, under the facts, the weapon could have been a concealed weapon; if it could have been, then the jury is to determine whether it was. Reviewing the application of the law to the facts, the Sellers court observed:
"[W]e would think a completely revealed weapon would not be a concealed weapon, and dismissal on motion would be proper. But it does not follow that a weapon, in order to be concealed, must be completely concealed." (281 So.2d at 398).
Subsequently, in Donald v. State, 344 So.2d 633 (Fla. 2d DCA 1977), the court reversed a conviction for carrying a concealed weapon where a police officer had approached appellant from the rear and discovered a pistol tucked in the belt of the front of the pants during a "pat down" search, but testified that he did not know whether the defendant's clothing would have obscured the sight of the pistol if he had observed the defendant from another position. Thus, Donald holds that the weapon could be partially concealed by virtue of being tucked in the belt and not be a concealed weapon within the intent of the statute.
Accordingly, since Sellers states that a firearm need not be completely concealed to be "concealed" and Donald holds that a firearm may be partially concealed and not be "concealed," it appears that the test is one of degree. For this reason, we believe this case is factually distinguishable from Sellers, for there the officer saw a bulge which he thought to be a gun and upon observing more closely saw one quarter inch of the butt of a gun exposed, whereas here the officer, while riding by in a car, saw what he knew to be the butt of a chromeplated gun protruding from appellant's pocket. He did not state that he saw a bulge which could have been a gun or an object which appeared to be a gun ____ he saw a gun.
Under these facts, we hold that the weapon was not concealed from the ordinary sight of another person and the motion to dismiss should have been granted.
Reversed and remanded.
McCORD, C.J., and MELVIN and BOOTH, JJ., concur.