372 So.2d 126 (1979)
The STATE of Florida, Appellant,
v.
Anthony RIOCABO, Appellee.
No. 78-453.
District Court of Appeal of Florida, Third District.
May 29, 1979.
Rehearing Denied July 10, 1979.
Janet Reno, State's Atty., and Ira N. Loewy, Asst. State's Atty., for appellee.
Jack R. Blumenfeld, Miami, for appellee.
Before HAVERFIELD, C.J., and PEARSON and SCHWARTZ, JJ.
PER CURIAM.
This is an appeal by the State from an order of the trial court granting defendant's motion to suppress evidence seized by police officers at the time of the defendant's arrest.[1] The point involved is whether an individual may be legally arrested for carrying a concealed firearm when the officers actually see a portion of the firearm prior to the arrest. We hold that a concealed firearm may be accidentally, partially exposed so that an arresting officer may see a portion of the firearm but that the firearm is concealed within the meaning of Section 790.001(2), Florida Statutes (1977).[2]
The defendant was arrested for the crimes of carrying a concealed firearm and possession of cocaine. An information was filed on both counts. The defendant filed a motion to suppress the firearm and the cocaine alleging that this evidence was obtained illegally. A hearing was held on the motion at which the testimony without conflict revealed that a police officer was standing behind defendant in a convenience grocery store. Both the officer and the defendant were waiting to make purchases. The defendant was carrying a brown leather purse tucked under his arm. The officer's attention was called to the defendant *127 when the defendant dropped a large sum of money on the floor. As the defendant leaned forward, the officer observed a portion of a metal object inside the purse which the officer believed to be a pistol. The officer then summoned a second officer who, by standing close to the defendant, was also able to see a portion of a magazine clip inside the purchase through a small gap where the purse was not completely zipped closed. The gun was not protruding from the purse but could be seen by standing close to the defendant and looking down into the approximately one-quarter inch gap in the purse.
The trial court heard argument on the matter and granted the motion to suppress upon a holding that the defendant's arrest was illegal because there was no probable cause for the police to believe that the defendant was carrying a concealed firearm, as a portion of the firearm was visible to the officers. The court, in its order, set forth the grounds for its holding, as follows:
"1. The only reason the officers suspected the defendant had a firearm was that it was visible to them.
"2. In Christian v. State, 303 So.2d 405, the District Court of Appeal of Florida, Third District, in 1974, held that a firearm visible to the officer, protruding from the seat of the vehicle, was not a concealed firearm. On that basis, the search of the car was not permissible. Christian v. State, supra, and State v. Day [Fla.App.], 301 So.2d 469 (1st Dist. 1974) are controlling as to the definition of a concealed firearm rather than State v. Sellers [Fla.App.], 281 So.2d 397 (2d Dist. 1973) cited by the State."
The trial court's determination upon questions of fact at a motion to suppress hearing will not be reversed unless clearly shown to be without basis in the evidence or predicated upon an incorrect application of the law. See the principle of law in Cameron v. State, 112 So.2d 864, 869 (Fla. 1st DCA 1959). See also United States v. Reynolds, 511 F.2d 603, 607 (5th Cir.1975); and United States v. Montos, 421 F.2d 215, 219 n. (5th Cir.1970).
In the present instance, the facts are not in dispute. The judge's reliance upon Christian v. State, 303 So.2d 405 (Fla. 3d DCA 1974); and State v. Day, 301 So.2d 469 (Fla. 1st DCA 1974), is, we think, misplaced. In Christian v. State, this court held that the defendant's conviction for carrying a concealed firearm must be reversed and the evidence of the firearm suppressed where a police officer discovered the firearm upon shining a light into the passenger's side of the car and saw what appeared to be the butt of a gun protruding from the seat in which the defendant was sitting. The court said, "Obviously, either the firearm was within the ordinary sight of another or it was not. * * * In our view, the State did not prove all of the elements of the crime of carrying a concealed firearm, and we think it follows that the search of the car also was not permissible."
In State v. Day, supra, the District Court of Appeal, First District, affirmed the granting of a motion to suppress evidence found in the search of an automobile. The court held that a pistol under the driver's front seat of an automobile which was partly exposed was not concealed from the ordinary sight of another person.
However, in State v. Sellers, 281 So.2d 397 (Fla. 2d DCA 1973), the District Court of Appeal, Second District, held that a pistol, the butt of which was exposed for about one-quarter inch, could have been concealed within the meaning of the statute. In so holding, the court stated: "We think that the proper rule is that where the weapon is carried in such a manner that an ordinary citizen viewing the accused would not see the weapon clearly exposed as such[,] the question of concealment should be left to the jury."
In the present instance, we are not dealing with a question of the sufficiency of the evidence of concealment for a finding of guilt, but rather with the trial court's conclusion that, as a matter of law, a weapon which is seen at all cannot be concealed. In this assumption, the trial court was incorrect. The very inclusion in the statute *128 of the provision that the weapon need only be concealed from the "ordinary sight of another person" shows that the crime may be committed by the concealing of a weapon which is not concealed from everyone. In the present case, the weapon was certainly concealed until such time as the defendant leaned over to pick up his money from the floor of the store. In that instant, and by his own act, he allowed a person who happened to be an officer standing exactly behind and close to him to see that a weapon was, in fact, concealed inside the purse. Neither the Christian nor the Day case, which have to do with weapons protruding from under the seat of an automobile, compels a contrary holding. See State v. Sellers, supra; and see the discussion in Powell v. State, 369 So.2d 108 (Fla. 1st DCA 1979). See also People v. Jones, 12 Mich. App. 293, 162 N.W.2d 847 (1968); and Shipley v. State, 243 Md. 262, 220 A.2d 585 (1966).
Accordingly, the order suppressing the evidence of the firearm and a quantity of cocaine seized pursuant to the defendant's arrest is reversed and the cause is remanded for further proceedings in accordance with the views herein expressed.
Reversed and remanded.
NOTES
[1] See Fla.R.Crim.P. 9.140(c)(1)(B).
[2] "790.001 Definitions

* * * * * *
"(2) `Concealed firearm' means any firearm, as defined in subsection (6), when the same is carried on or about a person in such a manner as to conceal said firearm from the ordinary sight of another person."