393 So.2d 1191 (1981)
Timothy OLIVER, Appellant,
v.
The STATE of Florida, Appellee.
No. 80-518.
District Court of Appeal of Florida, Third District.
February 17, 1981.
*1192 Bennett H. Brummer, Public Defender and Robert A. Glassman, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Paul Mendelson, Asst. Atty. Gen., for appellee.
Before BASKIN and DANIEL S. PEARSON and FERGUSON, JJ.
FERGUSON, Judge.
Appellant, Timothy Oliver, was charged by information with carrying a concealed firearm in violation of Section 790.01, Florida Statutes (1979) and resisting arrest without violence in violation of Section 843.02, Florida Statutes (1979). After a jury trial appellant was found guilty on both counts.
The trial court denied appellant's motion for acquittal, which motion was made at the end of the State's case, renewed at the conclusion of all the evidence, and presented again by post-trial motion. This appeal is from the rulings denying the motion. We affirm.
The question on appeal is whether the evidence introduced by the State was sufficient to establish that appellant had carried a pistol concealed from the ordinary sight of another person as required for conviction under the concealed firearm statute. § 790.001(2), Fla. Stat. (1979).
The State called only the arresting officer as an eyewitness. The officer testified that he encountered the appellant at a Miami Dolphin football game in the evening of November 29, 1979 while walking up one of the stadium aisles. The appellant was a few feet in front of the officer in a very crowded area. The officer had never seen the appellant before and nothing had drawn his attention to the appellant. The balance of the crucial testimony is taken from the transcript beginning at page 27.
"Q. And what, if anything, occurred as you stood there behind the Defendant?
A. At which time, like I stated, I just had to wait; at which time I saw an opening to go around; at which time I started to go around to the right of Mr. Oliver at the time.
Q. Which way was Mr. Oliver facing at the time?
A. His back to me. Okay.
At which time I started to step around him and Mr. Oliver stepped back, almost onto the top of me.
Q. Did he look around at the time?
A. No, at which time I touched him on the side and said, `Excuse me.' And I started to go around.
As soon as I touched on the right hand side, underneath here [indicating], I could feel what appeared to be the butt of a gun, the hard surface. I ran my finger on the outside of the pants and I could feel the gun.
Q. For what purpose did you run the finger along the outside of the pants?
A. Because of my experience with weapons, the feel of what a gun butt feels like. I carry a gun every day of my life and I know what a gun feels like.

*1193 I felt the handle underneath his shirt, at which time I put my hand underneath the shirt and Mr. Oliver started to turn away from me; at which time I turned the gun out from in his waistband on the right hand side; at which time I told him that he was under arrest. And he started to pull away from me. And I had to grab him up."
Continuing on page 30:
"Q. Now would you describe, for the ladies and gentlemen of the jury, the type of clothing that was being worn by the Defendant on this particular occasion, when you felt the weapon?
A. He had a pair of black pants and gray shirt.
Q. And what, if anything, did he have on top of the particular shirt?
A. Nothing.
Q. Was it a long sleeve shirt?
A. Yes.
Q. What type of material was it, if you recall?
A. Silky.
Q. And was it tucked in?
A. Yes.
Q. Now, did you notice anything bulging in the area prior to feeling it?
A. No. Like I said, his back was to me."
Appellant testified in his own behalf at trial and denied having a gun in his possession. The jury rejected appellant's defense. By this appeal appellant contends only that the State's evidence is circumstantial and not conclusive as to guilt.
As this court stated in Knight v. State, 392 So.2d 337 (Fla.3d DCA 1981):
"The proper test on appeal of a denial of a motion for judgment of acquittal is whether the jury as a trier of fact might reasonably conclude that the evidence excluded every hypothesis but that of guilt. Rodriguez v. State, 379 So.2d 657 (Fla.3d DCA 1980); Zuberi v. State, 343 So.2d 664 (Fla.3d DCA 1977). All facts introduced into evidence are admitted by the defendant, and the court must draw every conclusion favorable to the state. Codie v. State, 313 So.2d 754 (Fla. 1975); Rodriguez v. State, supra; Matrascia v. State, 349 So.2d 735 (Fla.3d DCA 1977), cert. denied 360 So.2d 1249 (Fla. 1978). The motion should not be granted unless there is no legally sufficient evidence on which to base a verdict of guilt. Downer v. State, 375 So.2d 840 (Fla. 1979); Everett v. State, 339 So.2d 704 (Fla.3d DCA 1976)."
Even if the evidence presented by the State were circumstantial in nature, the jury could have found it conclusive and inconsistent with any reasonable hypothesis but that of guilt.[*] We find the evidence legally sufficient to support the trial court's denial of appellant's motions for verdict of acquittal, and, accordingly, the conviction for carrying a concealed weapon is affirmed. Because the conviction under Section 790.01, Florida Statutes (1979) is upheld, the conviction for resisting arrest without violence is also proper.
AFFIRMED.
NOTES
[*] This case is factually distinguishable from Donald v. State, 344 So.2d 633 (Fla.2d DCA 1977), cert. denied, 353 So.2d 679 (Fla. 1977) relied upon by appellant. In Donald, the arresting officer candidly admitted that he could not say whether defendant's shirttail would have obscured sight of the pistol if he had viewed defendant from the front.