DANIEL S. PEARSON, Judge.
The trial court, finding that the pistol was not concealed within the meaning of Section 790.001(2), Florida Statutes (1979),[1] granted Williams’ motion to dismiss filed under Florida Rule of Criminal Procedure 3.190(c)(4). We reverse the order of dismissal and remand the cause with directions to reinstate the information.
The State’s sworn traverse specifically denied the averments in Williams’ motion *288 that the “pistol was sticking out from under the front seat” and “was visible to the officer,” and affirmatively set forth that “after the defendant reached under the front of the driver’s seat and pushed an unknown object back, [t]he officer then observed a .22 caliber pistol come from under the back of the driver’s seat and come into view at the rear .... ” (emphasis supplied). This traverse manifestly established a pri-ma facie case of guilt against the defendant.[2] State v. Riocabo, 372 So.2d 126 (Fla. 3d DCA 1979); State v. Sellers, 281 So.2d 397 (Fla. 2d DCA 1973). See also Oliver v. State, 393 So.2d 1191 (Fla. 3d DCA 1981); Compare Powell v. State, 369 So.2d 108 (Fla. 1st DCA 1979); Christian v. State, 303 So.2d 405 (Fla. 3d DCA 1974); State v. Day, 301 So.2d 469 (Fla. 1st DCA 1974) (in all of which the weapon was immediately visible). Under these circumstances, denial of the motion to dismiss was mandated. Fla.R. Crim.P. 3.190(d); State v. Merritt, 394 So.2d 531 (Fla. 3d DCA 1981); State v. Whitehead, 353 So.2d 900 (Fla. 3d DCA 1977).
Reversed.

. This section defines a concealed firearm as “any firearm ... when the same is carried on or about a person in such a manner as to conceal said firearm from the ordinary sight of another person.”

. It is axiomatic that in every prosecution for carrying a concealed firearm there has come a point in time when the firearm became visible. The distinction in the cases lies in whether the weapon would be immediately visible to ordinary sight (not concealed) or later becomes disclosed (concealed). In the present case, one can readily infer from the confluence of the statements in the traverse that the object was at first “unknown,” and that the officer saw it “come from under” and “come into view,” that the firearm was not initially visible to the officer by the use of ordinary sight. In a motion under Rule 3.190(c)(4), all inferences are resolved against the defendant and in favor of the State. State v. Upton, 392 So.2d 1013 (Fla. 5th DCA 1981).