400 So.2d 781 (1981)
The STATE of Florida, Appellant,
v.
Gary SHULAR, Appellee.
No. 80-39.
District Court of Appeal of Florida, Third District.
June 9, 1981.
Rehearing Denied July 31, 1981.
Janet Reno, State Atty. and Ira N. Lowey, Asst. State Atty., for appellant.
Mark King Leban, I, Richard Jacobs, Miami, for appellee.
Before DANIEL S. PEARSON and FERGUSON, JJ., and PEARSON, TILLMAN (Ret.), Associate Judge.
PER CURIAM.
The State appeals from orders of the circuit court suppressing inculpatory statements and dismissing an information. We reverse.
Responding to a radio report that Officer William Askew was involved in the chase of grey Toyota, Officer Charles Orrett arrived at the described location and saw Officer Askew's car in the middle of the street and a small car resting against a fence. Orrett also observed Askew walking toward his vehicle with the defendant, appellee Gary Shular. Officer Askew then collapsed with a heart attack and died a short while later.[1]
Shular was given Miranda warnings and taken to the Public Safety Department Building. After ascertaining that Shular was a juvenile, an officer called Shular's parents and told them they could come to the police station. Shular spoke with his *782 parents for about one to one and one-half hours. The public defender arrived and very shortly thereafter Detective Roadruck advised Shular, his parents, and his attorney that Shular had to be fingerprinted before being transferred to Youth Hall. As Roadruck was taking Shular to be fingerprinted, Shular started to cry, said he was sorry, that he had not meant for the policeman to die and that he had only taken the car because he did not want to walk home. The trial court granted Shular's motion to suppress the statement made to Detective Roadruck.
When a confession follows an unlawful arrest, the state must prove that the confession was not caused by the unlawful arrest. Dunaway v. New York, 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed. 824 (1979); Brown v. Illinois, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975). If the taint of the original illegal activity is purged, the evidence may be admissible. See, e.g., United States v. Ceccolini, 435 U.S. 268, 98 S.Ct. 1054, 55 L.Ed.2d 268 (1978); Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); Nardone v. United States, 308 U.S. 338, 60 S.Ct. 266, 84 L.Ed. 307 (1939); Wimberly v. State, 393 So.2d 37 (Fla. 3d DCA 1981); State v. Maier, 378 So.2d 1288 (Fla. 3d DCA 1979).
Applying the totality of circumstances test of Brown, supra, we find the causal connection between the arrest and statement sufficiently attenuated as to purge any taint from the arrest. On this record there appears no flagrant police misconduct. There is no evidence that Shular was threatened or subjected to lengthy or repetitive interrogation or that he was overwhelmed by his surroundings. Subsequent to the arrest and prior to volunteering the statement, Shular met alone with his parents for over an hour and spoke with his attorney. Under these circumstances, we hold that it was error to suppress Shular's statement to Detective Roadruck.
We also find error in granting Shular's motion to dismiss pursuant to Florida Rules of Criminal Procedure 3.190(c)(4) where the state had filed a sworn traverse specifically denying material factual matters related in the sworn motion to dismiss. Fla.R.Crim.P. 3.190(d). State v. Power, 369 So.2d 96 (Fla. 2d DCA 1979); State v. Cook, 354 So.2d 909 (Fla. 2d DCA 1978); State v. Whitehead, 353 So.2d 900 (Fla. 3d DCA 1977); Ellis v. State, 346 So.2d 1044 (Fla. 1st DCA 1977), cert. denied, 352 So.2d 175 (Fla. 1977).
Reversed and remanded for further proceedings consistent with this opinion.
NOTES
[1] Since Askew died without communicating the reasons for Shular's arrest, the trial court found the arrest without probable cause. The state did not contest the court's finding by this appeal.