409 So.2d 1139 (1982)
STATE of Florida, Appellant,
v.
Clyde BETHEA, Appellee.
No. 81-1055.
District Court of Appeal of Florida, Second District.
February 10, 1982.
*1140 Jim Smith, Atty. Gen., Tallahassee and Michael A. Palecki, Asst. Atty. Gen., Tampa, for appellant.
Larry S. Hersch of Waller & Hersch, Dade City, for appellee.
RYDER, Judge.
The state appeals from the dismissal of its information against Clyde Bethea, alleging the lower court erred in granting appellee Bethea's motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). We reverse.
The state charged appellee with carrying a concealed firearm. Appellee's motion to dismiss alleged:
6. That the officer walked up to the side of the truck with the door open. That upon approaching the truck, the officer could see the butt of the gun immediately. That the approaching officer could see the gun in plain view and the gun was not under the seat but in front of the seat and the officer said you could probably have seen the whole gun if you had looked through the front of the truck, but he just had a side view of it from looking in the door of the truck.
7. The officer then testified he did not have to search for the gun.
Appellee's attorney swore that the motion was true to the best of his knowledge and belief. The state filed a motion to strike the motion on the ground that it was not sufficiently sworn to. The court denied the motion to strike in that it did not fall within the purview of State v. Upton, 392 So.2d 1013 (Fla. 5th DCA 1981).
On the date of the hearing on the motion to dismiss, the state filed a demurrer, adding the following facts:
1. The defendant stated to Deputy W.R. Smith of the Pasco County Sheriff's Department that he had the pistol because he was coming back to his old town (Dade City) and had the gun for his own protection.
2. The pistol was held up and partially concealed by the carpet/rubber matting of the floorboard of the vehicle.
3. The pistol was not encased.
4. The pistol could not be seen at all without opening the vehicle door and only a small portion of the butt was observable by the deputy with the door open.
The trial court granted the motion, holding that as a matter of law the firearm was not concealed. The court relied on State v. Day, 301 So.2d 469 (Fla. 1st DCA 1974), cert. denied, 312 So.2d 748 (Fla. 1975) and Porchay v. State, 321 So.2d 439 (Fla. 1st DCA 1975).
We hold that the lower court erred in granting the motion to dismiss. Florida Rule of Criminal Procedure 3.190(c)(4) requires that the motion to dismiss be sworn to by one having direct knowledge of the facts asserted. State v. Upton, 392 So.2d 1013 (Fla. 5th DCA 1981); see State v. Kling, 335 So.2d 614 (Fla. 2d DCA 1976). The attestation of counsel below, that the motion was true to the best of his knowledge and belief, was inadequate to withstand summary dismissal.
Additionally, the motion filed below failed to show lack of a prima facie case. The facts tend to show that appellee had a firearm on the floor of his car. While the position and visibility of the gun are not disputed, it was disputed whether the firearm was concealed. The disputed question of concealment goes to the trier of fact, which should have been a jury below. *1141 State v. Sellers, 281 So.2d 397 (Fla. 2d DCA 1973). The firearm need not be invisible to come within the statute's meaning of concealment. Ensor v. State, 403 So.2d 349 (Fla. 1981). The lower court thus inappropriately resolved the disputed fact of concealment in favor of appellee.
The grant of dismissal below is REVERSED and the case REMANDED for further proceedings.
SCHEB, C.J., and DANAHY, J., concur.