443 So.2d 209 (1983)
The STATE of Florida, Appellant,
v.
Dennis Craig SIMPSON, Appellee.
No. 83-1312.
District Court of Appeal of Florida, Third District.
December 13, 1983.
Rehearing Denied January 23, 1984.
*210 Jim Smith, Atty. Gen. and G. Bart Billbrough, Asst. Atty. Gen., for appellant.
Emilio De La Cal, Miami, for appellee.
Before BARKDULL, FERGUSON and JORGENSON, JJ.
PER CURIAM.
The State of Florida appeals an order of the trial court granting appellee's motion to suppress contraband.
Detective Machado of the Dade County Airport Interdiction Unit saw appellee disembark from an automobile at Miami International Airport without luggage and walk briskly to the same-day ticketing section of Eastern Airlines. At the time he wore deck-type shoes and trousers which fit loosely at the ankles. After a ten minute wait in line, appellee purchased a ticket and returned to the parking area in front of the airport. About an hour later he returned to the airport lobby, this time wearing high-top sneakers. The trousers which earlier fit loosely at the ankles were now snug with bulges. Appellee walked through the airport lobby area and went through a boarding gate security checkpoint. After clearing the metal detector device at the checkpoint, he was stopped by Detective Machado who displayed his badge and asked to speak with him. After an examination of appellee's driver's license and identification, appellee's luggage was searched with his consent. The officer asked permission to check appellee's ankles but appellee refused; appellee was then asked to raise his pants leg high enough to permit the officer to see what was causing the bulge. By this time, appellee was tense and rigid; the tone in his voice changed and his legs and hands began to tremble. He did not respond to the request to raise his pants leg.
Detective Thompson, who had joined Officer Machado on the concourse beyond the security checkpoint, announced that for the safety of the passengers on the plane he could not let appellee board without first checking his pants. He then patted the ankle region of appellee's trousers, and after feeling the soft packaging, raised the trouser leg and discovered cocaine.
At the hearing on appellee's motion to suppress, Officer Thompson testified that it was his experience that magnetometers often fail to detect weapons attached to an individual's ankle; that a number of hijackings had occurred prior to that time; and that he wanted to be sure that the bulge was not caused by a weapon. The trial court, in suppressing the evidence, concluded that "the sole and only purpose of the stop was a search for contraband and there never was any valid, real or non-imaginary concern for the safety of the passengers" and "those facts relied upon by the arresting officers were too subjective in nature and never rose to the level of even an articulable suspicion."
We have reviewed the entire record and conclude that it does not support the trial judge's conclusions. First, there is no obvious reason, and none is given, why the officer's testimony  that his stop of the defendant was at least in part based on concern for passenger safety  should have been rejected. Second, the bulging trouser leg of appellee, who was about to board a commercial airliner during a period of regular hijackings, was more than enough of a suspicious circumstance to justify further investigation. Where the trial court's determination upon questions of fact at a hearing on a motion to suppress is clearly shown to be without basis in the evidence, the appellate court should reverse. See State v. Riocabo, 372 So.2d 126 (Fla. 3d DCA 1979), dismissed, 378 So.2d 348 (Fla. 1979). See also United States v. Duckett, 583 F.2d 1309, 1313 (5th Cir.1978) *211 (the trial court's findings of fact on a motion to suppress must be accepted unless clearly erroneous; a finding is clearly erroneous when the reviewing court is left with a definite and firm conviction that a mistake has been committed).
Based on the facts as they appear in the record, we reverse on authority of Shapiro v. State, 390 So.2d 344 (Fla. 1980), cert. denied, 450 U.S. 982, 101 S.Ct. 1519, 67 L.Ed.2d 818 (1981) (probable cause is not a prerequisite to a search in the security area of the airport conducted for the limited purpose of discovering weapons or devices which could be used in a hijacking; upon choosing to go through the security checkpoint so as to board a plane, a traveler consents to a search for that limited purpose); and State v. Campanponi, 424 So.2d 163 (Fla. 3d DCA 1983) (a security check for weapons and the like of an air traveler about to board a commercial airliner is akin to a border search; except where the search is exceptionally intrusive, in which case evidence of wrongdoing is required, the traveler's fourth amendment rights are not violated by a security airport search). See also United States v. Skipwith, 482 F.2d 1272 (5th Cir.1973) (suspicious traveler need not be given option to not board aircraft as an alternative to a reasonable search). The officer's act of raising the trouser leg of appellee who was about to board a commercial airliner, in order to investigate a suspicious bulge in the ankle area, did not run afoul of the fourth amendment.
Reversed and remanded.