442 So.2d 385 (1983)
Valentine BAILEY, Appellant,
v.
STATE of Florida, Appellee.
No. 83-582.
District Court of Appeal of Florida, Second District.
December 14, 1983.
*386 Jerry Hill, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
Appellant was convicted of trafficking in marijuana and carrying a concealed firearm. He attacks only the latter conviction on this appeal.
In an undercover operation, a Clearwater detective obtained some marijuana for resale. Appellant met the detective at a warehouse for the purpose of purchasing a portion of the marijuana. Police, who had the warehouse under surveillance, testified that appellant arrived in a car driven by Cassandra Taylor. Appellant was seated on the passenger side of the front seat. Appellant went into the warehouse where he remained for approximately an hour and fifteen minutes. Taylor stayed outside with the car. She left the car on two occasions, once to go to some bushes near the warehouse and later to walk to the edge of the warehouse. No other persons approached the car. When appellant was arrested Taylor tried to drive away. The police stopped Taylor's vehicle and found a gun lying on a towel on the floor of the passenger side. The gun was not visible from outside the car until the passenger door was opened.
Appellant concedes that under the rationale of Ensor v. State, 403 So.2d 349 (Fla. 1981), there was a jury issue as to whether the firearm was concealed. He argues, however, that the evidence was insufficient to prove that the firearm was "on or about his person" as required by section 790.01(2), Florida Statutes (1981).
A firearm is on or about one's person if it is in close proximity to him within his easy reach. Sutton v. State, 327 So.2d 234 (Fla. 1st DCA), cert. denied, 334 So.2d 608 (Fla. 1976). The evidence tending to prove that the gun was on or about appellant's person was entirely circumstantial, resting primarily upon the fact that when appellant arrived he was seated on the passenger side of the car. A conviction based solely upon circumstantial evidence *387 cannot be sustained unless every reasonable hypothesis of innocence is excluded. McArthur v. State, 351 So.2d 972 (Fla. 1977). It is not enough that the facts create a strong probability of guilt. Owen v. State, 432 So.2d 579 (Fla. 2d DCA 1983). Here, there was at least a reasonable hypothesis that Cassandra Taylor carried the gun and placed it on the floor of the passenger side of the automobile after appellant went into the warehouse. Hence, the proof by circumstantial evidence failed.
We affirm the judgment and sentence for trafficking in marijuana but reverse the conviction for carrying a concealed firearm.
BOARDMAN, A.C.J., and LEHAN, J., concur.