SCHOONOVER, Judge.
The appellant, Charles Anderson, has appealed from the judgments and sentences entered pursuant to jury verdicts finding him guilty of two counts of attempted manslaughter and two counts of robbery with a firearm.
We find no merit in appellant’s contention that he was improperly convicted and accordingly affirm the judgments entered by the trial court. However, since the written sentences entered in connection with the robbery charges vary from the court’s oral pronouncement, we must remand for correction of the written sentence. Gatti v. State, 324 So.2d 193 (Fla. 2d DCA 1975).
At the sentencing hearing, the court orally sentenced the appellant to a life sentence on each of the robbery charges, and because a firearm was involved, he was sentenced to serve a minimum term of imprisonment of three years on each of the charges. The sentences were to be served consecutively. The written sentences entered by the court impose the life sentences but do not refer to the mandatory three year sentence required by section 775.-087(2), Florida Statutes (1981).
We accordingly remand to the trial court for correction of the written sentences entered in connection with the two counts of robbery with a firearm. In doing so, the court should consider the case of Palmer v. State, 438 So.2d 1 (Fla.1983), wherein the supreme court held that three year mandatory minimum sentences cannot be consecutively imposed when the offenses involved arise out of the same criminal episode.
The judgments and sentences in connection with the attempted manslaughter charges are affirmed in all respects.
DANAHY, A.C.J., and CAMPBELL, J., concur.