UPCHURCH, Chief Judge.
This is an appeal from an order dismissing the information pursuant to a “C-4” motion under Florida Rule of Criminal Procedure 3.190(c)(4). Appellee, Jean Joseph, had been charged with carrying a concealed weapon in violation of section 790.-01(2), Florida Statutes (1985).
Joseph was stopped by the police for driving with a broken brake light. He was told by the arresting officer to exit his automobile and to place his hands on the roof. When Joseph turned around to do so one officer observed the grip of a firearm, a .25 caliber automatic, protruding from his right rear pocket. The other officer observed a bulge in Joseph’s right rear pocket and what looked like the butt of a small firearm. One officer removed the pistol and Joseph was placed under arrest for carrying a concealed firearm.
The state relies upon Ensor v. State, 403 So.2d 349 (Fla.1981), which held that it is not necessary for the state to demonstrate “absolute invisibility” of a weapon to establish concealment. The Ensor court also noted that to be concealed, a firearm must be on or about the person and hidden from the ordinary sight of another person. The state’s traverse stated in part: “Defendant had a bulge in his right rear pocket, and what looked like a small firearm butt was seen. That this firearm was concealed from the ordinary sight of others who might casually observe the defendant, and was not discovered until the arresting officer ... removed it from Defendant’s pocket.” The court also considered the arrest reports of the arresting officers which said essentially the same thing. The trial court granted the motion to dismiss.
Appellee argues that the case is controlled by Powell v. State, 369 So.2d 108 (Fla. 1st DCA 1979). In his brief he states, “[s]ince the officers saw what they knew to be a firearm, the weapon could not have been concealed within the meaning of the statute.” The facts in Powell are easily distinguishable from the instant case. Powell and a companion were walking down the street when an officer passing by in a patrol car saw the handle of the firearm protruding from Powell’s pocket. The court, citing State v. Sellers, 281 So.2d 397 (Fla. 2d DCA 1973), held:
[T]he police officer observed a ‘bulge’ in the defendant’s pocket which he thought was a gun. Upon closer observation he saw a pistol, the butt of which was exposed about a quarter of an inch. The trial court dismissed the charge, but the appellate court quashed the order on the grounds that those facts were sufficient to go to the jury. In so ruling, however, the court did not hold that the question of whether a weapon is concealed is always a jury question, but rather the court is to determine whether, under the facts, the weapon could have been a concealed weapon; if it could have been, then the jury is to determine whether it was. Reviewing the application of the law to the facts, the Sellers court observed, ‘[W]e would think a completely revealed weapon would not be a concealed weapon, and dismissal on motion would be proper. But it does not follow that a weapon, in order to be concealed, must be completely concealed.'
281 So.2d at 398.
We conclude that the trial court erred in granting the C-4 motion to dismiss. Whether or not a weapon is concealed is often a factual dispute requiring resolution by the jury. For example a person who is carrying a weapon under his coat may be carrying a concealed weapon. The fact that it is revealed to the arresting officer when the person turns and his coat swings away sufficiently for the officer to identify it as a pistol does not keep it from being a “concealed weapon” under the law. In the case before us the pistol was not visible until Joseph got out of the car and turned around. It is obvious that the question whether the weapon here was concealed from the ordinary sight of another person is a question for the jury.
The order of dismissal is QUASHED.
*495 ORFINGER, J., concurs.
COWART, J., dissents without opinion.