509 So.2d 1287 (1987)
The STATE of Florida, Appellant,
v.
Maria Caridad PEREZ, Appellee.
No. 86-2691.
District Court of Appeal of Florida, Third District.
July 14, 1987.
*1288 Robert A. Butterworth, Atty. Gen., and Nancy C. Wear, Asst. Atty. Gen., for appellant.
Paul Morris, Coral Gables, for appellee.
Before BARKDULL, HENDRY and BASKIN, JJ.
PER CURIAM.
Defendant Maria Caridad Perez, a ticket-carrying passenger, set off the metal detector at the airport security checkpoint. When a Wackenhut security officer informed the police that Perez "had something under her clothing," Perez was taken to a private Eastern Airlines office where a female officer patted Perez around her stomach area and felt a bulge; Perez removed a package wrapped in aluminum foil and yellow plastic from under her girdle. The officer cut open the package, observed a substance which appeared to be cocaine, and placed Perez under arrest. Prior to trial, the court granted Perez's motion to suppress on the ground that the search was overly intrusive. We reverse.
The supreme court has determined that:
[S]earches are reasonable if conducted solely for the purpose of discovering whether a prospective air passenger poses an immediate threat to air commerce. Although the initiating purpose of the search is limited to the detection of a would-be hijacker, the search may be extensive because the airline hijacker's weaponry could be any of a number of easily concealed things including plastic explosives or gasoline... . So long as the object of the search is prevention of an airplane hijacking, the search is reasonable and proper and does not require probable cause for its foundation.
Shapiro v. State, 390 So.2d 344, 350 (Fla. 1980) (citations omitted), cert. denied, 450 U.S. 982, 101 S.Ct. 1519, 67 L.Ed.2d 818 (1981). In Campanponi v. State, 424 So.2d 163 (Fla. 3d DCA 1983), this court held that "a security search for weapons and the like of an air traveler is akin to a border search; except for an exceptionally intrusive search (i.e., a body cavity search), where some evidence of wrongdoing might be required, the security airport search does not run afoul of the Fourth Amendment." Campanponi, 424 So.2d at 166 (citations omitted). See State v. Simpson, 443 So.2d 209 (Fla. 3d DCA 1983). See also United States v. Skipwith, 482 F.2d 1272 (5th Cir.1973). Finding no evidence of an exceptionally intrusive search, we reverse the trial court's order suppressing the seized evidence.
Reversed and remanded.