PER CURIAM.
A.D., a child, appeals a final order adjudicating him guilty of having committed a delinquent act. We reverse.
The appellant was charged with trespass on a construction site and criminal mischief. Both offenses were alleged to have occurred on July 23, 1986. At the appellant’s adjudicatory hearing, an employee of Kearney Development Corporation testified that when he arrived for work at the company’s construction site on the morning of July 24, 1986, he found that the company’s hydraulic pump had been torn apart. The employee, however, did not see who had damaged the pump. A fourteen year old friend and neighbor of the appellant testified that around five o’clock on a day in late July the appellant and his codefendant came to the witness’s house saying they had “messed up” some machinery which was being used to pump water out of some springs. This witness testified that the appellant and his codefendant had grease on their hands and shirts. He, however, could not remember the exact date on which they had come to his house. Although the teenage witness testified that there was a construction site near his neighborhood, he never testified that the machinery appellant claimed to have dam *348 aged was located at any particular construction site, and no other evidence was submitted which placed the appellant at the scene of the crime. The appellant’s employer testified that the time cards he kept on all employees indicated that on the day the crime was alleged to have been committed, the appellant reported for work at 7:30 a.m. and that he drove the appellant home no earlier than 6:00 p.m. that evening. The two job sites on which the appellant worked that day were ten and twenty-five miles from the site where the pump was damaged. The court adjudicated the appellant guilty, and he timely filed notice of appeal.
A conviction which, as here, is based solely upon circumstantial evidence cannot be sustained unless every reasonable hypothesis of innocence is excluded. Bailey v. State, 442 So.2d 385 (Fla. 2d DCA 1983). It is not enough that the facts may create a strong probability of guilt. Owen v. State, 432 So.2d 579 (Fla. 2d DCA 1983). Here, there is at least a reasonable hypothesis that the damage appellant claimed to have done was done at some other location and on some other day than that of the crimes charged. We, accordingly, must reverse the trial court’s order adjudicating the appellant guilty of committing a delinquent act.
Reversed.
SCHEB, A.C.J., and SCHOONOVER and LEHAN, JJ., concur.