LEVY, Judge.
Edward Teehan, the defendant, was charged by Information with attempted burglary of a vehicle. The defendant filed a Sworn Motion to Dismiss alleging that the disputed facts did not establish a prima facie case of guilt against him. At the hearing on this motion the trial court, without objection from the defense, allowed the State to orally proffer the contents of its traverse, with the understanding that the State would actually file its written traverse the next day. The State filed its written traverse the next day specifically denying certain factual allegations contained in the defendant’s motion, and alleging some additional facts. The trial court then granted the defendant’s motion to dismiss and the State appeals.
We agree with the State that the defendant waived any alleged untimeliness of the traverse. This is so because the defendant failed to object to the oral proffer and also failed to object to the procedure, specifically approved by the trial court, whereby the court allowed the State to file its written traverse the following day and stated that it would delay ruling until that time.
We also agree with the State that the trial court erred in granting the defendant’s motion to dismiss. The record demonstrates that the State’s traverse specifically denied material allegations in the defendant’s motion to dismiss and thus the motion should have been denied and the cause submitted to the trier-of-fact. See State v. McQuay, 403 So.2d 566 (Fla. 3d DCA 1981); State v. Schular, 400 So.2d 781 (Fla. 3d DCA 1981); State v. Horne, 399 So.2d 49 (Fla. 3d DCA 1981); State v. Johnson, 398 So.2d 500 (Fla. 3d DCA 1981).
Reversed and remanded.