PER CURIAM.
Appellant, the State of Florida, appeals an order suppressing tape recorded statements. We reverse.
Appellee, Federico Rivero (the “defendant”), was under surveillance by the police. An informant who worked with the defendant agreed with the police to tape record any conversations that he had with the defendant. In two previous controlled meetings between the informant and the defendant, the police wired the informant and monitored their conversations.
On one occasion, the informant called the detective in charge of the operation and told him that he wanted to work at an earlier time than they previously arranged. The detective was unavailable at that particular time, and the detective instructed the informant to wait until later. The informant, contrary to the detective’s instruction, went in early anyway. The informant saw the defendant at work and recorded their conversation with the tape recorder provided by the police.
Here, the basic issue is whether the record supports the trial court’s conclusion that the informant was acting outside the direction of police authority when he taped this particular conversation. See State v. Tsavaris, 394 So.2d 418 (Fla.1981). After combing the record, we determine that the record does not support the trial court’s decision to grant the motion to suppress.
At the suppression hearing, the detective testified that the informant was acting under the detective’s direction the entire week of the operation and “that if [the informant] ever had any conversations from that point on with Mr. Rivero, to make sure he recorded the conversations.” On redirect, the detective further clarified his directions to the informant by stating “any time that [the informant] encountered Mr. Rivero, if they were going to have a conversation, I wanted it recorded.”
Based upon the entire record, there is no basis to conclude that the informant was acting outside the direction of the police. Accordingly, we reverse the suppression order and remand for further proceedings con *388 sistent with this opinion. See State v. Smith, 529 So.2d 1226 (Fla. 3d DCA 1988); State v. Riocabo, 372 So.2d 126 (Fla. 3d DCA), dismissed, 378 So.2d 348 (Fla.1979).
Reversed and remanded.