# Third District Court of Appeal

## State of Florida

Opinion filed August 23, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1650
Lower Tribunal No. 22-202
_____

**E.M., a juvenile,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Orlando A. Prescott, Judge.

Carlos J. Martinez, Public Defender, and Andrew Stanton, Special Assistant Public Defender, and Cassidy Heitman, Certified Legal Intern, for appellant.

Ashley Moody, Attorney General, and Christina L. Dominguez, Assistant Attorney General, for appellee.

Before EMAS, LINDSEY and GORDO, JJ.

PER CURIAM.

Affirmed. See § 790.001(3), Fla. Stat. (2022) ("'Concealed firearm' means any firearm . . . which is carried on or about a person in such a manner as to conceal the firearm from the ordinary sight of another person"); Ensor v. State, 403 So. 2d 349, 354 (Fla. 1981) ("For a firearm to be concealed, it must be (1) on or about the person and (2) hidden from the ordinary sight of another person. The term 'on or about the person' means physically on the person or readily accessible to him. . . . The term 'ordinary sight of another person' means the casual and ordinary observation of another in the normal associations of life"); State v. Riocabo, 372 So. 2d 126, 126 (Fla. 3d DCA 1979) (holding that a firearm may still be "concealed" under section 790.001 where firearm is "accidentally, partially exposed so that an arresting officer may see a portion of the firearm"). See also M.R. v. State, 101 So. 3d 389, 392 n. 1 (Fla. 3d DCA 2012) (holding that, while a trial court's denial of a motion for judgment of dismissal is reviewed de novo "facts adduced from the evidence are taken as true and 'all reasonable inferences that may be drawn from such evidence must be viewed in a light most favorable to the State'") (citations omitted).