344 So.2d 633 (1977)
Howard E. DONALD, Appellant,
v.
STATE of Florida, Appellee.
No. 76-1044.
District Court of Appeal of Florida, Second District.
April 13, 1977.
Jack O. Johnson, Public Defender, and David S. Bergdoll, Asst. Public Defender, Bartow, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Appellant, Howard E. Donald, was charged by information with carrying a concealed firearm in violation of Section 790.01, Florida Statutes. After a jury trial appellant was found guilty as charged.
The critical question for our determination on this appeal is whether the purely circumstantial evidence introduced by the state was sufficient to establish that appellant had carried a pistol "in such a manner as to conceal said firearm from the ordinary sight of another person," as required by the concealed firearm statute. Section 790.001(2), Florida Statutes (1973) (emphasis added). Proof of concealment is an essential element of the crime which must be proven beyond a reasonable doubt. Sutton v. State, 327 So.2d 234 (Fla. 1st DCA 1976). When circumstantial evidence is relied on to prove an essential element of the crime it must be of a conclusive nature and inconsistent with any other reasonable hypothesis but that of guilt. Harrison v. State, 104 So.2d 391 (Fla. 1st DCA 1958); see Hall v. State, 303 So.2d 428 (Fla. 2d DCA 1974).
The arresting officer testified at trial that pursuant to investigation of a complaint that an intoxicated man was firing a *634 pistol he concealed himself near the building where the man was alleged to be. As appellant came out of the building he headed away from the officer. Although appellant had been seen briefly from the front as he emerged from the building, it was impossible to tell if he was in possession of a gun due to the darkness and interference from objects in the immediate area. The officer approached appellant from the rear and ordered him to stop. In the course of the "pat down" the officer felt a pistol lodged in the belt on the front side of appellant. The officer stated that he could feel part of a pistol butt which protruded from appellant's pants, but he could not say whether appellant's shirttail would have obscured sight of the pistol if he had viewed appellant from the front. Neither that officer nor any other witness had clearly seen appellant from the front prior to the removal of the weapon. While the arresting officer is to be highly commended for his fair and impartial testimony, we conclude that the evidence presented was not inconsistent with a reasonable hypothesis of innocence and did not conclusively prove that appellant was guilty.
For these reasons we are compelled to reverse the judgment and sentence of the trial court and remand with directions to the trial court to enter an order discharging appellant.
REVERSED and REMANDED with directions.
BOARDMAN, C.J., and GRIMES and SCHEB, JJ., concur.