PER CURIAM.
The defendant Billy Johnson appeals a judgment of conviction and sentence for carrying a concealed firearm [§ 790.01(2), Fla.Stat. (1979)], entered below and contends that the state’s evidence adduced at trial was insufficient to establish that the firearm which he possessed, was, in fact, concealed. We entirely agree as our review of the record demonstrates a total lack of evidence as to where the firearm was situated with reference to the defendant’s body at the time it was seized from the defendant by the police. Indeed, the police officer who seized the firearm from the defendant did not testify below; the state’s only evidence as to the seizure of said firearm came from another police officer present at the scene of the arrest and he could give no testimony on whether the subject firearm was concealed prior to its seizure from the defendant. It is plain, then, that no evidence was adduced below as to whether the firearm in question was concealed on the defendant’s person as charged in the information. Moreover, the defendant’s testimony at trial tends to indicate that the subject firearm was, in fact, not concealed. We, accordingly, have no alternative but to re *392 verse the judgment and sentence under review for failure of the state to establish an essential element of the crime charged, to wit: the concealment of the firearm herein. Quiroga v. State, 364 So.2d 47 (Fla.3d DCA 1978), dismissed, 370 So.2d 462 (Fla.1979); Donald v. State, 344 So.2d 633 (Fla.2d DCA), cert. denied, 353 So.2d 679 (Fla.1977).
The judgment of conviction and sentence under review is reversed and the cause is remanded to the trial court with directions to discharge the defendant from the cause.