593 So.2d 606 (1992)
Phillis M. CARPENTER, Appellant,
v.
STATE of Florida, Appellee.
No. 91-352.
District Court of Appeal of Florida, Fifth District.
February 14, 1992.
James B. Gibson, Public Defender, and M.A. Lucas, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Myra J. Fried, Asst. Atty. Gen., Daytona Beach, for appellee.
*607 W. SHARP, Judge.
Carpenter appeals from her conviction for carrying a concealed weapon.[1] She entered a nolo contendere plea to the charge after reserving her right to appeal the court's denial of her motion to dismiss. In her motion filed pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), she argued the undisputed facts established that the handgun in controversy was in plain view and thus not "concealed" as a matter of law. We agree and reverse.
The record established without dispute or conflict that when Carpenter was stopped by a police officer for a possible DUI charge, there was a handgun in the front seat beside her. The grip and hammer were sticking up six inches above the level of the seat, and the police officer immediately recognized it as a handgun.
The quirk of facts in this case was that the police officer did not initially see the gun when he first stopped the car. It was approximately 11:45 p.m., and there were no street lights near the place Carpenter parked the car. Carpenter is 5'5" tall and weighs 190 pounds. Her body may have obscured the officer's view of the gun and there was also unrebutted testimony that he did not look into the car interior until later.
The police officer ordered Carpenter out of the car and had her go through a field sobriety test. He then placed her in his patrol car. When he returned to the stopped vehicle to deal with the passenger (Carpenter's fiance and owner of the handgun), he first saw the weapon.
At issue here is whether the firearm was "concealed." To be concealed, a firearm need not be totally hidden from view or absolutely invisible to other persons. Ensor v. State, 403 So.2d 349 (Fla. 1981). Concealment occurs in those situations where the firearm is hidden from the ordinary sight of others. Ensor. The critical question turns on whether an individual, standing beside a vehicle in which a person with a firearm is seated would, by ordinary observation, know the object to be a firearm. Ensor; Cope v. State, 523 So.2d 1270 (Fla. 5th DCA), rev. denied, 531 So.2d 1355 (Fla. 1988).
After reviewing the facts of this case, we conclude that the firearm cannot be said to have been concealed. The police report indicates that the grip and hammer were visible to the officer, who immediately recognized it as a handgun. Carpenter made no conscious effort to conceal the weapon with her body.[2] This situation is analogous to State v. Teague, 475 So.2d 213 (Fla. 1985), where the supreme court considered the question of whether an uncovered rifle on the front seat of a car with tinted glass windows, which obscured the view of a rifle from outside the car, constituted concealment. The court determined that it did not, noting that the word "conceal" must be construed with its ordinary meaning.
REVERSED and REMANDED with directions to DISCHARGE the appellant.
DAUKSCH and HARRIS, JJ., concur.
NOTES
[1] Section 790.01(1), Fla. Stat. (1989).
[2] The state suggests that State v. Hankerson, 430 So.2d 517 (Fla. 2d DCA 1983) supports a finding of concealment here. But this case is distinguishable from Hankerson where the accused made an attempt to actually conceal the weapon by draping his arm over it.