PATTERSON, Judge.
Merejildo Garcia Villegas appeals from his judgment and sentence for carrying a concealed firearm. He contends that it was error for the trial court to deny his motion for judgment of acquittal. We agree and reverse.
On November 28, 1995, Detective Kennedy of the Hillsborough County Sheriffs Office was a backup officer in a narcotics stakeout. He observed Villegas sitting in his pickup truck conversing with the driver of another vehicle. During the arrests of the subjects of the narcotics investigation, Detective Kennedy approached Villegas’ truck. When he was six-to-eight feet away, he observed Villegas’ arms moving and then he observed a firearm in Villegas’ left hand. Kennedy yelled “drop the gun” and Villegas put the gun on the floor of the truck. Detective Parks, who approached the truck from the passenger’s side, also observed the gun in Villegas’ hand.
At the close of the state’s case, the defense moved for judgment of acquittal, arguing that there was no proof of concealment. The prosecutor’s position was that the gun was concealed in the moments before Kennedy or Parks observed the gun and while Villegas was moving his arms. The court denied the motion and Villegas was convicted.
The test, however, is not whether Kennedy or Parks could see the gun in the moments before it was observed in Villegas’ left hand, but whether the firearm was hidden from the ordinary sight of others. See Ensor v. State, 403 So.2d 349 (Fla.1981); Carpenter v. State, 593 So.2d 606 (Fla. 5th DCA 1992). Proof of such concealment is an essential element of the offense charged which must be proven beyond a reasonable doubt. Padrone-Canto v. State, 414 So.2d 1151 (Fla. 3d DCA 1982). Here, the only evidence of Villegas’ possession of the firearm was testimony that Villegas held the firearm in such a way as to be plainly visible to the ordinary sight of another. Because there was no proof of concealment, the court erred in denying the motion for judgment of acquittal.
Reversed and remanded with directions that Villegas be discharged.
PARKER, A.C.J., and BLUE, J., concur.