PER CURIAM.
Theron Adams (“Adams”) challenges his convictions for carrying a concealed firearm and resisting an officer without violence. We conclude that the State failed to prove that the firearm in question had been concealed prior to its discovery by police; therefore, we reverse the concealed firearm conviction. However, we affirm the resisting an officer conviction because the State offered sufficient evidence that Adams knew he was being detained by the police before he fled to avoid detention.
The events that gave rise to the charges occurred at the Florida Citrus Classic football game. Kevin Barnes, an officer with the Orlando Police Department, was working security at the football game in full uniform when he received a complaint about Adams. As he called out to Adams, Adams began to approach him. Before reaching Officer Barnes, Adams stopped on a platform, knelt down behind a short wall and appeared to place an object on the ground. When Adams knelt down, members of the crowd around him became visibly excited. A security guard also saw *1256 Adams kneel down and place an object on the ground, but could not see what the object was. When the security guard approached the area where Adams had been standing, -he found a gun on the ground. He picked up the gun and the crowd became excited again. Shortly thereafter, Adams ran away from the two men. Officer Barnes chased Adams, caught him and arrested him.
On appeal, Adams argues that the trial court should have granted his motion for judgment of acquittal because the State failed to prove -a necessary element of the crime. Specifically, he claims that the State failed to prove that the gun had been concealed from ordinary sight prior to its discovery by the police. Adams places primary reliance on Donald v. State, 344 So.2d 633 (Fla. 2d DCA 1977), which he describes as “factually similar.” In Donald, the Second District held that a conviction for carrying a concealed firearm could not be sustained where circumstantial proof of concealment was not inconsistent with a reasonable hypothesis of innocence. We implicitly approved Donald in Wilson v. State, 530 So.2d 1111 (Fla. 5th DCA 1988), another case relied upon by Adams. The State makes no attempt to distinguish either case. Based on these authorities, we are' compelled to reverse the concealed firearm conviction. ‘
At trial, the State’s proof did not negate the possibility that Adams had been carrying the gun unconcealed before he deposited it on the ground. Both Officer Barnes and the security guard testified at trial, but neither was asked if he had an opportunity to observe the gun in Adams’ hands or on his person before Adams knelt down. Likewise, they did not describe what led them to the conclusion that Adams discarded something on the ground. The crowd’s reaction did not supply the missing proof. It is equally plausible that the crowd did not notice the gun until the police drew attention to Adams or that the crowd’s reaction was caused by Adams’ actions in crouching down and retrieving the gun from an unconcealed location such as his waistband. See Davis v. State, 761 So.2d 1154 (Fla. 2d DCA 2000) (reversing conviction for carrying concealed firearm where state failed to prove concealment because black firearm might have been in plain view but not visible to officers in darkness).
Adams also claims that his motion for judgment of acquittal should have been granted on the charge of resisting an officer without violence because there was no evidence that Officer Barnes told Adams he was being detained. In support of this argument, Adams relies on Robinson v. State, 667 So.2d 384 (Fla. 1st DCA 1995). In that case, .the court reversed a conviction for resisting arrest without violence because the defendant had been unaware that he was being detained prior to his flight from police. Here, by contrast, there was evidence that Adams was aware that Officer Barnes intended to detain him. See Perry v. State, 593 So.2d 1165, 1167 (Fla. 1st DCA 1992) (affirming conviction, where facts of case suggest that flight coupled “with the apparent knowledge of the appellant that he was the target of a lawful arrest by police, constituted an obstruction of the officer’s execution of a legal duty”).
Accordingly, we reverse the conviction for possession of a concealed firearm and affirm the conviction for resisting an officer without violence.
AFFIRMED IN PART; REVERSED IN PART.
SAWAYA, MONACO and TORPY, JJ. concur.