CRENSHAW, Judge.
Jacob J. Blackmon appeals his judgments and sentences for aggravated assault on a law enforcement officer, carrying a concealed firearm, possession of a firearm with an altered serial number, resisting an officer without violence, and driving without a valid license. We conclude and the State concedes that it failed to present any evidence that the firearm Blackmon earned was ever concealed. We therefore reverse Blackmon’s judgment and sentence for carrying a concealed firearm. We affirm the remaining judgments and sentences without further comment.
The State’s single witness, Officer Ram-dath of the Bradenton Police Department, testified at trial that on the night of April 8, 2009, he attempted a traffic stop of a vehicle displaying a license tag that was registered to a different vehicle. When the vehicle stopped, the driver — later identified as Blackmon — exited the vehicle and fled on foot through a dimly lit apartment complex. Officer Ramdath pursued Black-mon on foot through a parking lot, and Blackmon squeezed through a narrow opening in a fence. Once the officer reached the fence, Blackmon turned and lifted a firearm towards the officer. At this point, the officer deployed his Taser and Blackmon fell to the ground, dropping the firearm.
We conclude the evidence was insufficient to prove that the firearm Blackmon carried was ever concealed. The officer did not provide any direct testimony that Blackmon was carrying the firearm “in such a manner as to conceal the firearm from the ordinary sight of another person.” See § 790.001(2), Fla. Stat. (2008). Nor did the State present circumstantial evidence from which an inference of concealment could arise. The officer’s testimony only established that he was unable to see a firearm in Blackmon’s possession from his vantage point until the moment the firearm was pointed directly at him. And this testimony is insufficient to prove concealment because it remains consistent with a reasonable hypothesis that the firearm was within the ordinary sight of another person from a different viewpoint. See Davis v. State, 761 So.2d 1154, 1156-57 (Fla. 2d DCA 2000) (finding the State failed to prove concealment where a firearm may have been in ordinary sight but was not visible to officers in darkness); Donald v. State, 344 So.2d 633, 634 (Fla. 2d DCA 1977) (concluding the State could not prove concealment where the officer “could not say whether appellant’s shirttail would have obscured sight of the pistol if he had viewed appellant from the front”); Adams v. State, 987 So.2d 1255, 1256 (Fla. 5th DCA 2008) (concluding “the State’s proof did not negate the possibility that Adams had been carrying the gun unconcealed before he deposited it on the ground”).
Accordingly, because the State failed to prove concealment, we reverse Blackmon’s conviction and sentence for carrying a concealed firearm. We affirm the remaining judgments and sentences without comment.
Reversed in part; affirmed in part.
LaROSE and MORRIS, JJ., Concur.