VILLANTI, Judge.
The State appeals the trial court’s order dismissing count II of the information filed against Johnny Yarn, which charged him with carrying a concealed firearm. Because the facts contained in the State’s traverse raised inferences sufficient to support a prima facie case of guilt, we reverse and remand for further proceedings.
The State’s probable cause affidavit against Yarn asserted that at approximately 10 p.m. on July 24, 2009, both street and aviation officers were on patrol in a high-crime area of Manatee County looking for an individual who had multiple warrants out for his arrest. As Deputy Cruz drove *84 past a house, he saw a group of people standing in the front yard and spilling out into the street. Deputy Denmark was a short distance away in another patrol car. When Cruz shined his spotlight on the group, both he and Denmark saw an individual, later identified as Yarn, wearing all black clothing and holding a black “memorial Rob-D” T-shirt in his hand. Yarn turned and fled as soon as he saw the deputies.
As Yarn ran behind the house, Cruz and Denmark lost sight of him. However, aviation officers tracked Yarn as he ran to and crouched behind a nearby church. As the aviation officers watched, Yarn stood up, came out from behind the church, and began walking down the street while talking on a cell phone. At that point, Yarn no longer had the black T-shirt in his hand.
Patrol officers then made contact with Yarn and detained him. Yarn admitted that he ran when he saw Cruz and Denmark and admitted that he had been carrying a T-shirt when he fled. He also admitted that he had “dropped” a firearm as he ran and lost the T-shirt he was carrying. However, he denied knowing where he had dropped or lost either item. When officers went behind the church where Yarn had been seen crouching, they found two cigar tubes containing 103 pieces of crack cocaine and a firearm lying under a black “memorial Rob-D” T-shirt. The shirt appeared to be new and appeared to have been recently placed in that location. Based on these facts, the State charged Yarn with one count of possession of cocaine with intent to sell within 1000 feet of a place of worship and one count of carrying a concealed firearm.
Yarn subsequently filed a motion to dismiss the concealed firearm charge pursuant to Florida Rule of Criminal Procedure 3.190(c)(4).[1] In that motion, Yarn alleged that none of the deputies ever saw a gun or “any indication of a gun” on Yarn either before, during, or after his flight. Yarn admitted that he told police while being detained that “[w]hen I ran behind the house I dropped something. It was a .380 handgun.” However, Yarn also alleged that “[t]he State has no evidence [as] to how or in what manner the firearm had been carried.”
In response to Yarn’s motion to dismiss, the State filed a traverse in which it asserted that Deputies Cruz and Denmark would testify under oath that they clearly saw Yarn illuminated with Cruz’s spotlight before Yarn fled and that neither of them saw him carrying a firearm in a plain or open manner. Despite the State’s traverse, the trial court granted Yarn’s motion to dismiss the carrying a concealed firearm count, specifically finding that the State had failed to establish that Yarn had concealed the firearm at the time he possessed it. The State now seeks review of this ruling.[2]
Rule 3.190(c)(4) provides for dismissal of a charge against a defendant when “[t]here are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant.” “Under this rule it is the defendant’s burden to ... demonstrate that no prima facie case exists upon the facts set forth in detail in the motion.” State v. Kalogeropolous, 758 So.2d 110, 111 (Fla.2000).
When faced with a motion to dismiss, the State may proceed in two ways. First, the State may concede that the facts *85 are undisputed but may argue that inferences from those undisputed facts could nevertheless support a finding of guilt. See, e.g., State v. Williams, 873 So.2d 602 (Fla. 5th DCA 2004) (reversing order granting a motion to dismiss even though the State stipulated to a statement of undisputed facts because reasonable inferences from those facts could support a finding of guilt).
Alternatively, if the State disputes any of the facts alleged in the defendant’s motion or if it believes there are additional material facts not alleged in the defendant’s motion, the State may file a sworn traverse. See Fla. R. Crim. P. 3.190(d); Kalogeropolous, 758 So.2d at 111-12. In its traverse, the State need not adduce the evidence necessary to prove its case beyond a reasonable doubt. See State v. Gay, 960 So.2d 864, 867 (Fla. 2d DCA 2007). Instead, it must bring forward facts sufficient to show only the “ ‘barest prima facie case.’” State v. Dickerson, 811 So.2d 744, 746 (Fla. 2d DCA 2002) (quoting State v. Hunwick, 446 So.2d 214, 215 (Fla. 4th DCA 1984)). To meet its burden, “the State may rely on circumstantial evidence and all inferences arising therefrom that are favorable to the State.” Dickerson, 811 So.2d at 746; see also Gay, 960 So.2d at 867; Bell v. State, 835 So.2d 392, 394 (Fla. 2d DCA 2003). And to establish the “barest prima facie case,” the State must show only that a reasonable jury could find the defendant guilty of the charged crime under the most favorable construction of the evidence. See State v. Shuler, 988 So.2d 1230, 1231 (Fla. 5th DCA 2008). Only when there is no construction of the undisputed facts and inferences therefrom that would allow a guilty verdict to be rendered should a motion to dismiss be granted. See Dorelus v. State, 747 So.2d 368, 373 (Fla.1999); State v. Horton, 442 So.2d 408, 409 (Fla. 2d DCA 1983). If the State files a sworn traverse that establishes a prima facie case of guilt, the motion to dismiss must be denied. See Fla. R. Crim. P. 3.190(d); see also Kalogeropolous, 758 So.2d at 112; Dickerson, 811 So.2d at 746.
In the context of a charge of carrying a concealed firearm, the critical question is whether the firearm was “carried on or about a person in such a manner as to conceal the firearm from the ordinary sight of another person.” § 790.001(2), Fla. Stat. (2009). The critical issue is whether the firearm is concealed from the “ ‘ordinary observation’ ” of others, and “ ‘[a]bso-lute invisibility to other persons is not indispensable to concealment.’ ” Ensor v. State, 403 So.2d 349, 354 (Fla.1981) (quoting Mularkey v. State, 201 Wis. 429, 230 N.W. 76, 77 (1930)). In determining whether a firearm was concealed, “the observations of the police officer will not necessarily be dispositive.” Dorelus, 747 So.2d at 372. Instead, the court must consider all of the circumstances and all of the inferences involved in the individual case.
For example, in Carpenter v. State, 593 So.2d 606, 607 (Fla. 5th DCA 1992), the defendant was stopped for a possible DUI, and there was a handgun on the front seat beside her. The officer who stopped Carpenter did not immediately see the gun because it was dark where the stop occurred and Carpenter was quite heavy. As the court noted, “[h]er body may have obscured the officer’s view of the gun.” Id. Despite the fact that the officer did not immediately see the gun, the undisputed facts showed that the grip and hammer were sticking up six inches above the level of the seat. Id. The trial court denied Carpenter’s motion to dismiss because the officer did not immediately see the gun. However, the appellate court concluded that the undisputed facts did not establish *86 that the gun was concealed in any way despite the fact that the officer did not see it when he first looked into the car. Id. Accordingly, the court held that the trial court should have granted Carpenter’s motion to dismiss.
On the other hand, the fact that an officer clearly sees a firearm does not necessarily mean that the gun is not concealed. As one court explained:
a person who is carrying a weapon under his coat may be carrying a concealed weapon. The fact that it is revealed to the arresting officer when the person turns and his coat swings away sufficiently for the officer to identify it as a pistol does not keep it from being a “concealed weapon” under the law.
State v. Joseph, 506 So.2d 493, 494 (Fla. 5th DCA 1987).
Here, while it was admittedly dark outside and Yarn was wearing black clothing, the State alleged that both deputies would testify that they clearly saw Yarn when they shined a spotlight on the group gathered in the yard. The State also alleged that both deputies would testify that they clearly saw Yarn holding a black T-shirt in his hand before he fled. However, despite their clear view of Yarn, neither deputy saw him carrying a firearm in plain or open view. These undisputed facts do not lend themselves to a single construction that only the dark of night or the deputies’ inopportune vantage points caused them not to see an otherwise unconcealed and openly carried firearm. Instead, another possible inference is that Yarn was holding the firearm under the T-shirt he was carrying, thus concealing it from the view of the police officers as well as others. Because the additional facts contained in the State’s traverse give rise to inferences sufficient to support a prima facie case of guilt, the trial court was required to deny Yarn’s motion to dismiss.
In this appeal, as he did in the trial court, Yarn relies on Adams v. State, 987 So.2d 1255 (Fla. 5th DCA 2008), and Davis v. State, 761 So.2d 1154 (Fla. 2d DCA 2000), to support his argument that the charge was properly dismissed. However, while those cases present factual situations somewhat similar to Yarn’s, both of those cases involve the review of a denial of a motion for judgment of acquittal made at the close of the State’s case. See also Blackmon v. State, 53 So.3d 1174 (Fla. 2d DCA 2011). Those cases considered whether the State’s evidence was sufficient to overcome the defendants’ reasonable hypotheses of innocence and prove the case beyond a reasonable doubt, a standard of review inapplicable to the issue of whether the State’s traverse presented “the barest prima facie case” sufficient to overcome a motion to dismiss. This significant factual distinction renders the rulings in Adams and Davis immaterial to the resolution of this case.
Because the State’s traverse presented sufficient additional facts to establish “the barest prima facie case” of carrying a concealed firearm, the trial court should have denied Yarn’s motion to dismiss. Accordingly, we reverse and remand for further proceedings.
Reversed and remanded.
NORTHCUTT and CRENSHAW, JJ., Concur.

. Yarn also filed a motion to suppress the statements he made and the physical evidence against him. That motion is not at issue in this appeal.

. This court reviews an order on a motion to dismiss de novo. Bell v. State, 835 So.2d 392, 394 (Fla. 2d DCA 2003).