LaROSE, Judge.
Tanita Dixon appeals the trial court’s order withholding adjudication and sentencing her to eighteen months of probation after a negotiated plea to possession of alprazolam (Xanax) and amphetamine (Adderall). See §§ 893.13(6)(a); 893.03(4)(a), (2)(c)(2), Fla. Stat. (2010). Ms. Dixon reserved for appeal the disposi-tive denial of her motion to dismiss the alprazolam charge. See Fla. R. App. P. 9.140(b)(2)(A)(i). We reject without further discussion Ms. Dixon’s argument that section 893.13 is unconstitutional. See State v. Adkins, 96 So.3d 412 (Fla.2012). But, because the trial court otherwise erred in denying her motion to dismiss the alprazolam charge, we reverse, in part.[1]
The State charged Ms. Dixon with possessing two loose tablets of alprazolam and seventy-two capsules of Adderall. She claimed that she had a prescription for the alprazolam and that the Adderall belonged to her son. Ms. Dixon moved to dismiss the alprazolam charge. Her motion included a pharmacy printout showing an alprazolam prescription was filled for Ms. Dixon and a copy of an alprazolam prescription for her. The State filed a traverse stating, in pertinent part, as follows:
The only evidence of a valid prescription presented by the defendant is an unverified pharmacy profile from Friends Pharmacy. On November 1, 2011 the undersigned spoke to a woman named Barbara at Friends Pharmacy. Barbara indicated that in order to obtain information a fax on letterhead must be provided. The State complied with this request (see attached Exhibit A) and has yet to receive a response. The undersigned has also attempted several times to locate Dr. Burton Feinerman by calling several offices where that doctor may have practiced. That doctor cannot be located. The defendant has not provided any additional information to facilitate this verification process.
The State asserts that there is a prima facie case and the defendant’s motion should be denied.
Ms. Dixon argues that the State’s traverse was insufficient. We agree.
Florida Rule of Criminal Procedure 3.190(d) provides:
Traverse or Demurrer. The state may traverse or demur to a motion to dismiss that alleges factual matters. Factual matters alleged in a motion to dismiss under subdivision (c)(4) of this rule shall be considered admitted unless specifically denied by the state in the traverse. The court may receive evidence on any issue of fact necessary to the decision on the motion. A motion to dismiss under subdivision (c)(4) of this rule shall be denied if the state files a traverse that, with specificity, denies under oath the material fact or facts alleged in the motion to dismiss. The demurrer or traverse shall be filed a reasonable time before the hearing on the motion to dismiss.
“Rule 3.190(c)(4) provides for dismissal of a charge against a defendant when ‘[tjhere are no material disputed facts and the undisputed facts do not establish a prima *723 facie case of guilt against the defendant. State v. Yarn, 63 So.3d 82, 84 (Fla. 2d DCA 2011) (quoting State v. Kalogeropolous, 758 So.2d 110, 111 (Fla.2000)). Under this rule, “[i]t is the ‘defendant’s burden to specifically allege and swear to the undisputed facts in a motion to dismiss and to demonstrate that no prima facie case exists upon the facts set forth in detail in the motion.’ ” State v. Nunez, 881 So.2d 658, 660 (Fla. 3d DCA 2004) (quoting State v. Siegel, 778 So.2d 426, 427 (Fla. 5th DCA 2001)). Ms. Dixon’s motion met that burden by setting forth her defense that she had a valid prescription with evidence to support her defense.
Rule 3.190(d) requires the State’s traverse to deny with specificity the material fact(s) alleged in the motion. “The purpose of such a motion is to test the legal sufficiency of the underlying case, i.e. whether there is a dispute of material fact (not just a dispute of unsupported conclu-sory allegations) or whether there exists a legal defense that would summarily decide the case.” Nunez, 881 So.2d at 660 (citing Siegel, 778 So.2d at 427; Kalogeropolous, 758 So.2d at 111). To overcome a motion to dismiss, the State’s traverse “must bring forward facts sufficient to show only the ‘barest prima facie case.’ ... And to establish the ‘barest prima facie case,’ the State must show only that a reasonable jury could find the defendant guilty of the charged crime under the most favorable construction of the evidence.” Yarn, 63 So.3d at 85 (citations omitted). “If the State files a sworn traverse that establishes a prima facie case of guilt, the motion to dismiss must be denied.” Id.
Here, the traverse offered no facts to counter Ms. Dixon’s factual assertions. Rather, it offered only an unsupported eonclusory allegation that Ms. Dixon did not have a valid prescription, based only on its statement that Ms. Dixon’s pharmacy printout in her sworn motion was “unverified” and that the doctor had not been located. It presented no evidence that the prescription was invalid or a forgery. The traverse failed to show that a reasonable jury could find Ms. Dixon guilty under the most favorable construction of the evidence, which then consisted of only the undisputed fact that Ms. Dixon possessed the alprazolam, her sworn assertion that she had a valid prescription, and a copy of a prescription and pharmacy printout showing that Friends Pharmacy had filled it. Therefore, we reverse as to this point.
Reversed in part, affirmed in part, and remanded for resentencing.
NORTHCUTT and KELLY, JJ., Concur.

. Ms. Dixon does not challenge her conviction of possession of amphetamine. The trial court sentenced her to eighteen months’ probation.