LOGUE, J.
O.S. appeals from the trial court’s denial of his motion for judgment of dismissal, and subsequent withhold of adjudication of delinquency and order of probation on the delinquent act of carrying a concealed weapon — a set of brass knuckles. The issue on appeal is whether the State established that the weapon was concealed, where the weapon was stored in the side pocket of the car door in a manner such that it was immediately recognized by the arresting officer as a weapon upon opening the car door. Because the weapon was not concealed under the factors set forth by the Florida Supreme Court in Dorelus v. State, 747 So.2d 368 (Fla.1999), we reverse.
*131 i.
On October 5, 2012, an officer stopped a car driven by O.S. for failing to have a functioning tag light. Because the officer observed that O.S was very “fidgety,” he asked O.S to step out of the vehicle. Although no weapon was visible to the officer as he stood outside the driver’s door, the officer testified “[w]hen I opened the door I scanned the immediate opening for weapons and I could observe the brass knuckles sitting in the pocket by the driver’s door.” The officer admitted on cross-examination he “recognized right away” that the object was a set of brass knuckles. The brass knuckles were not covered in any way. When the officer asked O.S. if there was anything in the car he should know about, O.S. admitted the car contained brass knuckles.
At the close of the State’s case, the defense moved for a judgment of dismissal, asserting that the State had failed to establish the required element that the weapon was concealed. The trial court denied the motion. The defense did not present any witnesses and renewed its motion, which was, again, denied. The trial court found O.S. guilty of committing the delinquent act, reasoning the brass knuckles were “not visible to the ordinary sight of others” because they were “not visible until the car door was opened and the officer used a flashlight for a protective sweep of the vehicle.” The trial court subsequently withheld adjudication and placed O.S. on six months of probation. This appeal followed.
II.
On appeal, we review the denial of the motion for judgment of dismissal de novo. F.D. v. State, 927 So.2d 936, 937 (Fla. 3d DCA 2006). Pursuant to section 790.01(1), Florida Statutes (2012), “a person who carries a concealed weapon or electric weapon or device on or about his or her person commits a misdemeanor of the first degree.” “Concealed weapon” is defined in the statutes as “any dirk, metallic knuckles, slungshot, billie, tear gas gun, chemical weapon or device, or other deadly weapon carried on or about a person in such a manner as to conceal the weapon from the ordinary sight of another person.” § 790.001(3)(a), Fla. Stat. (2012).
Although the Florida Supreme Court has held that “the issue of concealment is ordinarily an issue for the trier of fact,” Dorelus, 747 So.2d at 371 (emphasis in original), there are times when concealment can be determined as a matter of law. Any such determination should turn on “the manner in which the weapon is carried.” Id. Dorelus sets forth a number of “variables” to be considered in evaluating whether a weapon inside a vehicle is concealed under the statute, including: (1) “the location of the weapon within the vehicle;” (2) “whether, and to what extent, the weapon was covered by another object;” and (3) “testimony that the defendant utilized his body in such a way as to conceal a weapon.” Id. The Court also noted that “although the observations of the police officer will not necessarily be dispositive, a statement by the observing officer that he or she was able to ‘immediately recognize’ the questioned object as a weapon may conclusively demonstrate that the weapon was not concealed as a matter of law because it was not hidden from ordinary observation.” Id. at 372.
Here, none of the Dorelus factors support the trial court’s conclusion that the weapon was concealed. The weapon was located in an open side pocket within the vehicle. It was not covered with any other object, so as to obscure the officer’s view of the weapon. And O.S. made no attempt to conceal the weapon with his body in any way. In fact, he immediately admitted to *132 possessing the weapon upon questioning by the officer.
More importantly, the officer testified that he identified the weapon “right away.” As noted in Dorelus, this alone may demonstrate as a matter of law that the weapon was not concealed. Id.; see also State v. Hardy, 610 So.2d 38, 41 (Fla. 5th DCA 1992) (holding that a knife was not concealed where officers testified that they “readily identified the object” when looking through the windshield). But, here, where the officer’s observation is coupled with the facts discussed above, we have no difficulty in holding that the weapon was not concealed as a matter of law.
Reversed and remanded, with directions to discharge O.S.