# Third District Court of Appeal
## State of Florida

Opinion filed November 10, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-0415
Lower Tribunal No. F19-17515
_____

**Jonathan Montoya-Martinez,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Robert T. Watson, Judge.

Carlos J. Martinez, Public Defender, and Shannon Hemmendinger, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Sonia Perez, Assistant Attorney General, for appellee.

Before LOGUE, LINDSEY, and LOBREE, JJ.

LINDSEY, J.

Appellant Jonathan Montoya-Martinez appeals a final judgment of conviction and sentence for carrying a concealed weapon without a permit. He entered a plea of guilty reserving the right to appeal the denial of his dispositive motion to dismiss. Because we find no reversible error, we affirm.

## I. BACKGROUND

On October 10, 2019, two Miami Gardens Police Officers stopped a car driven by Montoya for a traffic infraction (inoperative taillights). When the officers approached the vehicle, they did not see a firearm. One of the officers, Detective George Gil, asked Montoya for his license and registration. Montoya responded that he had both items and also volunteered that he had a firearm in the vehicle. Detective Gil then asked Montoya to step out of the vehicle and he did so. According to Detective Gil, when Montoya was asked where the firearm was: "[h]e said in between the center console. The weapon was in-between the seats, wedged in the console."

Detective Gil then asked Montoya for permission to enter the vehicle and make the firearm safe. Montoya consented. When Detective Gil went into the vehicle to get the firearm, he immediately recognized the handle of a black firearm wedged in between the seat. Before then, Detective Gil could

2

not see the firearm "because [Montoya's] right thigh was blocking it." A record's check confirmed that Montoya did not have a Concealed Weapon License.

The State filed an information charging Montoya with carrying a concealed firearm without a license in violation of section 790.01(2), Florida Statutes. In his motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), Montoya argued the undisputed facts established that the firearm was not "concealed" as a matter of law. The State filed a traverse in opposition. After a hearing, the lower court denied the motion.

Montoya and the State stipulated that the motion to dismiss was dispositive, and Montoya entered a guilty plea but reserved the right to appeal the lower court's ruling denying his motion to dismiss. The lower court withheld adjudication and sentenced Montoya to one year of nonreporting probation. Montoya timely appealed.

## II.    STANDARD OF REVIEW

We review de novo a denial of a Rule 3.190(c)(4) motion. Knipp v. State, 67 So. 3d 376, 378 (Fla. 4th DCA 2011).

## III.    ANALYSIS

A trial court should grant a Rule 3.190(c)(4) motion where "[t]here are no material disputed facts and the undisputed facts do not establish a prima

facie case of guilt against the defendant." Fla. R. Crim. P. 3.190(c)(4). A (c)(4) motion "permit[s] a pretrial determination of the law of the case where the facts are not in dispute . . . ." Styron v. State, 662 So. 2d 965, 966 (Fla. 1st DCA 1995) (quoting Ellis v. State, 346 So. 2d 1044, 1045 (Fla. 1st DCA 1977)).

Section 790.01(2), Florida Statutes (2021), provides that "a person who is not licensed . . . and who carries a concealed firearm on or about his or her person commits a felony of the third degree . . . ."[1] "Concealed firearm" is defined as "any firearm . . . which is carried on or about a person in such a manner as to conceal the weapon from the ordinary sight of another person." § 790.001(2), Fla. Stat. (2021). Our highest court has interpreted the statutory phrase "ordinary sight of another person" to mean "the casual and ordinary observation of another in the normal associations of life." Ensor v. State, 403 So. 2d 349, 354 (Fla. 1981). However, this definition was

> not intended as [an] absolute standard[]. The[] purpose is to make it clear that a weapon's possible visibility from a point outside the vehicle may not, as a matter of law, preclude the weapon from being concealed under section 790.001. . . . In all instances, common sense must prevail. The critical question turns on whether an individual, standing near a person with a firearm or beside a vehicle in which a person with a firearm is

---

[1] While Montoya was not "carrying" the firearm under the plain and ordinary meaning of the word, it is undisputed that the firearm was "about his person" because it was next to his thigh while he was seated in his vehicle.

4

seated, may by ordinary observation know the questioned object to be a firearm.

Id. at 354-55.

While this is "*ordinarily* an issue for the trier of fact[,]" it can sometimes be determined as a matter of law. Dorelus v. State, 747 So. 2d 368, 371 (Fla. 1999). In determining whether a weapon is concealed as a matter of law, courts may consider: (1) "the location of the weapon within the vehicle[;]" (2) "whether, and to what extent, the weapon was covered by another object[;]" and (3) "testimony that the defendant utilized his body in such a way as to conceal a weapon that would have otherwise been detectable by ordinary observation." Id.

Here, the Dorelus factors support the trial court's conclusion that whether the firearm was concealed or not was a question for the trier of fact. The firearm was wedged between the seat and the console and was obscured from the officer's view by Montoya's right thigh. The officer was only able to see the firearm after Montoya had exited the driver's seat. Montoya immediately told the officers that he had the firearm. Montoya disputes that he was intentionally using his body to conceal the firearm.

This case is distinguishable from the three cases cited by Montoya: Cope v. State, 523 So. 2d 1270 (Fla. 5th DCA 1988); Carpenter v. State, 593 So. 2d 606 (Fla. 5th DCA 1992); and O.S. v. State, 120 So. 3d 130 (Fla. 3d

5

DCA 2013). In <u>Cope</u>, the firearm in question was in the front seat and was visible once the officer "shined his light" into the car. 523 So. 2d at 1270. Similarly, in <u>Carpenter</u>, the firearm was in the front seat beside the driver and the officer saw the "grip and hammer were sticking up six inches above the level of the seat" when he ultimately looked at the car's interior. 593 So. 2d at 607. Here, the detective looked in the car when he approached and saw nothing. Lastly, this Court's holding in <u>O.S.</u> is also distinguishable. In <u>O.S.</u>, unlike here, the officer testified he immediately saw the brass knuckles in the pocket of the driver's door when it was opened. 120 So. 3d at 131.

Given the facts of this case, the language in sections 790.01(2) and 790.001(2), and the cases interpreting the same, the determination as to whether Montoya's firearm was concealed cannot be resolved as a matter of law. Accordingly, we affirm.

Affirmed.