# Third District Court of Appeal

## State of Florida

Opinion filed July 20, 2022.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D21-0720
Lower Tribunal No. F20-8149

————————————

**The State of Florida,**
Appellant,

vs.

**Demetreius Mayes,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Richard Hersch, Judge.

Ashley Moody, Attorney General, and Sonia Perez, Assistant Attorney General, for appellant.

Carlos J. Martinez, Public Defender, and Shannon Hemmendinger, Assistant Public Defender, for appellee.

Before LOGUE, HENDON, and MILLER, JJ.

MILLER, J.

Appellant, the State of Florida, challenges an order granting a motion to dismiss an information charging appellee, Demetreius Mayes, with carrying a concealed firearm. Concluding the State's traverse and demurrer did not contravene the material facts alleged in the motion to dismiss, namely that the firearm was within plain view and thus was not "concealed" within the meaning of section 790.001(2), Florida Statutes (2020), we affirm. See § 790.001(2), Fla. Stat. ("'Concealed firearm' means any firearm . . . which is carried on or about a person in such a manner as to conceal the firearm from the ordinary sight of another person."); see also Ensor v. State, 403 So. 2d 349, 354 (Fla. 1981) ("The term 'ordinary sight of another person' means the casual and ordinary observation of another in the normal associations of life."); Cope v. State, 523 So. 2d 1270, 1271–72 (Fla. 5th DCA 1988) ("We hold that a pistol with the butt and part of the frame exposed on the front seat of a truck, instantly recognizable upon casual observation as a blue steel pistol with wood-grain handle grips, cannot be termed 'concealed,' given the ordinary meaning of that word."); Dorelus v. State, 747 So. 2d 368, 372 (Fla. 1999) ("[A]lthough the observations of the police officer will not necessarily be dispositive, a statement by the observing officer that he or she was able to 'immediately recognize' the questioned object as a weapon may conclusively demonstrate that the weapon was not concealed as a matter of

law because it was not hidden from ordinary observation."); <u>O.S. v. State</u>, 120 So. 3d 130, 132 (Fla. 3d DCA 2013) ("More importantly, the officer testified that he identified the weapon 'right away.' As noted in <u>Dorelus</u>, this alone may demonstrate as a matter of law that the weapon was not concealed. . . . [H]ere, where the officer's observation is coupled with the facts discussed above, we have no difficulty in holding that the weapon was not concealed as a matter of law.").

Affirmed.